**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronald L. BOYER, Defendant–Appellant.**

**No. 90–1705.**

United States Court of Appeals, Seventh Circuit.

Argued March 5, 1991.

Decided May 7, 1991.

Robert T. Coleman, Asst. U.S. Atty., Office of the U.S. Atty., East St. Louis, Ill. and Thomas Edward Leggans, Office of the U.S. Atty., Benton, Ill., for plaintiff-appellee.

Cheryl I. Niro, Oak Park, Ill. and Ronald L. Boyer, Farmington Correctional Center, Farmington, Mo., for defendant-appellant.

Before BAUER, Chief Judge and POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

BAUER, Chief Judge.

Ronald Boyer was convicted on a drug conspiracy charge after a five-day jury trial. The court sentenced him under the

Sentencing Guidelines to 216 months in prison, and he now appeals his sentence.

## I.

Boyer's conviction grew out of a sting operation in which a government informant named Robert Gayan told Boyer that he was in possession of a large amount of cocaine and needed to find interested buyers with large amounts of cash. Boyer agreed to help locate buyers. Originally, Boyer attempted to arrange a deal to sell five kilograms of cocaine to an acquaintance named Richard Beck, but Beck got cold feet, and Boyer turned to Ralph Green. Boyer communicated this change in buyers to informant Gayan in a phone call that was recorded by the authorities and introduced into evidence at trial. In the recorded conversation, Boyer and Gayan agreed on the price per kilogram, but it is unclear from the transcript of the phone call how many kilograms Green was to purchase from Gayan. Boyer and Gayan agreed that the three should meet in a parking lot where Green and Gayan could execute the sale. Gayan brought three kilograms with him, but Green brought only enough money to buy one. During the sales discussion between Gayan and Green (Boyer was not present), Green asked Gayan if he could "front" the two additional kilos of cocaine to Green. After the one-kilogram sale was consummated, the authorities moved in and arrested both Green and Boyer.

Boyer was originally charged with two counts of possession, but these charges were dropped before trial, and he was ultimately charged and convicted of conspiracy to possess with intent to distribute in excess of 500 grams of cocaine in violation of 18 U.S.C. §§ 841(a)(1) & 846. The presentence report recommended a sentencing range that reflected Boyer's high criminal history category (he had three prior felony convictions) and the severity of the offense (a transaction involving three kilograms of cocaine, according to the report). The report declined to recommend that Boyer be given a two-level decrease under section 3E1.1 for "accepting responsibility" or a downward adjustment under section 3B1.2 for being a "minor participant" in the offense.

Boyer objected to the presentence report on a number of grounds. Boyer claimed that the parties to the transaction contemplated the sale of only one kilogram, not three. Just because Gayan and Green talked about an additional deal, Boyer claimed, does not mean that he should be held accountable for it. Boyer also objected to the report's refusal to characterize him as a "minor participant" in the transaction. Finally, Boyer objected to the report's calculation of his criminal history. He claimed that his prior robbery convictions failed to meet constitutional standards because he did not enter knowing or voluntary guilty pleas and thus was not eligible for career offender enhancement under section 4B1.1.

The district court judge accepted Boyer's arguments about acceptance of responsibility and granted him a two-level departure under section 3E1.1. The judge rejected Boyer's "minor participant" argument, however, and also held that the evidence showed that the contemplated transaction involved multiple kilos of cocaine. Finally, the judge held that Boyer failed to carry his burden of proof on the issue of the validity of the prior guilty pleas. The judge chose a sentence at the low end of the sentencing range, however, both on the grounds that Boyer had attempted to assist the government in further drug investigations and because Boyer was already serving a state court sentence for second degree murder. From a range of 210 to 262 months, the judge imposed a sentence of 216 months to be served concurrently with Boyer's state murder charge.

## II.

On appeal, Boyer claims the trial court erred in its rulings on the previously noted objections he raised in the district court.* We review challenges to sentenc-

---

* In addition, Boyer filed a *pro se* brief in which    he raised for the first time the argument that his

ing decisions of district court judges under a deferential standard. To the extent that the sentencing decision involves questions of fact, the decision is left to the discretion of the district court unless we are left "with the definite and firm conviction that a mistake has been committed." *United States v. Herrera*, 878 F.2d 997, 1000 (7th Cir.1989). Questions of law, however, are reviewed *de novo. Id.*

### A. Use of Prior Convictions

In presenting this argument to the district court, Boyer testified directly and offered the testimony of a state court clerk. Boyer testified that he could not recall whether he had been informed of his rights before he entered his guilty pleas. He could not say with assurance that the trial courts had failed to give the proper warnings, only that he could not recall whether the courts did so. The state court clerk testified that the court records did not reflect whether Boyer had been properly advised; that no transcripts of Boyer's plea hearings had ever been prepared; and that the court reporter involved had since died. Although the court reporter's notes of the hearing were available to be transcribed, no one had made a request. Boyer's counsel claimed that his client could not afford to have the notes transcribed.

Boyer claims that the evidence he submitted was sufficient to preclude the use of these convictions to enhance his sentence. Boyer's argument proceeds from the premise that a court "cannot presume waiver of ... important federal rights from a silent record." *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). Boyer thus claims that he has met his burden of proof because he has established that the record is "silent" re-

garding whether he was properly advised during his plea hearings. No transcript exists, he argues, and the court reporter has since died. Boyer concludes that, since the court did not know for sure whether the convictions were proper, it could not rely on these prior convictions for purposes of sentencing.

■ As the government pointed out below, however, Boyer bears the burden of demonstrating that his prior convictions were constitutionally suspect:

> The Sentencing Guidelines provide that "[c]onvictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score." Sentencing Guidelines section 4A1.2, Application Note 6. "[I]t is clear from the plain language [of this note] that the defendant has the burden of showing that a prior conviction is constitutionally invalid." *United States v. Davenport*, 884 F.2d 121, 124 (4th Cir. 1989).

*United States v. Brown*, 899 F.2d 677, 679 (7th Cir.1990). The government contends that Boyer has failed to offer proof sufficient to question the validity of his earlier pleas. Simply because Boyer cannot remember whether the judge advised him of his rights, the government argues, does not mean that Boyer was not properly advised.

In the recent case of *United States v. Gallman*, 907 F.2d 639 (7th Cir.1990), we confronted a similar argument in the context of a career offender enhancement under 18 U.S.C. § 924(e). In that case, the defendant argued that one of his three prior convictions was invalid because the judge failed to advise him of his rights before entering the plea. To support his argument, the defendant filed an affidavit in which he claimed that he did not recall

conviction was impermissibly tainted when the government played at trial a recording of the wiretapped phone conversation between him and Gayan in which they discussed the details of the proposed sale to Green. As his court-appointed counsel noted in a supplemental filing to this court, this ground was not included in appellant's main brief because it is legally frivolous. First, Boyer's trial counsel did not object at trial to the introduction of this evidence, and thus the error was not preserved for appeal.

*See, e.g., United States v. Rivera–Espinoza*, 905 F.2d 156, 159 (7th Cir.1990). Second, Boyer must prove at a minimum that the trial court abused its discretion in allowing the government to play the tape to the jury. *See, e.g., United States v. Guess*, 745 F.2d 1286, 1288 (9th Cir.1984). Boyer makes no such showing, arguing without support that without the tape the government would have had no case against him. The trial transcripts in this case readily disprove this claim.

receiving the warnings. A transcript of the hearing was also introduced and revealed that the judge did not, in fact, give explicit warnings to the defendant at the plea hearing. The court held, however, that this evidence was insufficient to support a finding that the conviction was invalid. The court discounted the affidavit as self-serving, and held that the transcript, although void of any explicit advisements, revealed that the defendant had a general awareness of the nature of the charges against him and his options. *Id.* at 643. Under the constitutional standards in existence at the time of Gallman's plea, *see id.* at 642 n. 3, the court concluded that the conviction was proper.

In our case, Boyer can only muster self-serving testimony to support his claim, and even this testimony is equivocal. Boyer did not testify at the sentencing hearing that the court failed to admonish him, just that he could not remember receiving any warnings. As we stated in *Gallman*, "a claim ... that one cannot remember being informed of one's rights is not the same as claiming that one was not so informed." *Id.* at 643. Boyer did not have the (admittedly available) court reporter's notes transcribed and it is unclear whether the cost of doing so was prohibitive. In any event, other avenues were available that Boyer did not pursue. For example, Boyer did not call trial counsel who represented him at his earlier plea hearings to testify about whether he received his warnings. *Cf. id.* at 644 n. 6. Also, Boyer has never, until now, challenged the validity of his sentences; he did not take a direct appeal from the convictions, nor has he ever challenged his convictions collaterally. *Cf. id.* In fact, he does not even now contend that the convictions were invalid in and of themselves, only that they are "invalid enough" to preclude their use to enhance his present sentence. In conclusion, Boyer's presentation at the hearing was insufficient to carry his burden of proof on the question of the constitutionality of his prior convictions.

### B. Minor Participant

The district court rejected Boyer's argument that he was "merely a facili-

tator" to the transaction between Gayan and Green. The court concluded that Boyer played an indispensable role in the conspiracy and refused to grant the adjustment under section 3B1.2. "A district court's determinations under section 3B1.2 will be reversed only if they are clearly erroneous." *United States v. Hagan*, 913 F.2d 1278, 1283 (7th Cir.1990). The Guidelines provide that a minor participant is one who is "less culpable" than others, but whose role cannot be described as minimal. U.S.S.G. § 3B1.2, note.

Here, the district court relied on a number of factors in the record to support its determination that Boyer's role was more than minimal. For example, Boyer—not Gayan—pursued the contact with Green, the ultimate buyer. Gayan was unacquainted with Green before Boyer interceded and set up the transaction between the two. In the face of this evidence, Boyer nonetheless contends that the government's request for an "aiding and abetting" instruction at his trial amounts to a concession that Boyer was only a minor participant. The government's request, however, did not preclude the court from denying the adjustment. Simply because the government sought this jury instruction does not mean that the facts supporting the court's sentencing decision do not exist. Given the strong evidence of Boyer's involvement (and the jury's conclusion that Boyer was a co-conspirator, not just an accessory), it is impossible to characterize the court's determination on this point as clearly erroneous.

### C. Drug Quantity

The district court rejected Boyer's argument that the amount of drugs in question was only one kilogram, holding that Boyer could have foreseen that the deal he arranged between Gayan and Green would involve multiple kilograms. The Guidelines instruct the court to impose a sentence on a conspiracy defendant "only on the basis of the defendant's conduct or conduct of co-conspirators in furtherance of the conspiracy that was known to the

defendant or was reasonably foreseeable." U.S.S.G. § 2D1.4, note 1; *United States v. Guerrero,* 894 F.2d 261, 265 (7th Cir.1990). Boyer was convicted of conspiracy, and the court concluded that the sale of three kilograms to Green was foreseeable. Boyer protests that he had no personal knowledge of the negotiations between Green and Gayan that took place out of his presence, nor could he have foreseen the contemplation of additional amounts. Boyer claims that if we accept the court's actions in this case, there would be no limiting factor: he could just as easily be charged with a conspiracy to sell 100 kilograms if Green and Gayan had decided to discuss that amount. Boyer's argument, however, disregards the Guidelines' qualification that the action be *reasonably* foreseeable. The district court would need to support a finding that Boyer could reasonably foresee the sale of 100 kilograms, something that on our facts would be unlikely. But here, Boyer had earlier arranged a five-kilogram sale and the court's finding that Boyer could reasonable foresee a three-kilogram sale between Gayan and Green is not clearly erroneous.

### III.

Boyer's challenges to his sentence are rejected and the decision of the district court is

AFFIRMED.