978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime ESPINOSA-RIVERA, Defendant-Appellant.
 No. 92-50109.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jaime Espinosa-Rivera ("Espinosa") appeals his sentence under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), imposed following entry of his guilty plea, for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Espinosa-Rivera contends that the district court erred by denying him a downward adjustment in his offense level for being a minor participant in the offense pursuant to U.S.S.G. § 3B1.2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error the district court's determination of a defendant's role in the offense. United States v. Molina, 934 F.2d 1440, 1452 (9th Cir.1991).
 
 
 4
 The Guidelines provide a two-level downward adjustment "[i]f the defendant was a minor participant" in the offense. U.S.S.G. § 3B1.2(b).[1] A minor participant is "any participant who is less culpable than most other participants, but whose role could not be described as minimal." Id., comment. (n. 3). A broker in a drug transaction is not entitled to a minor role adjustment. See Molina, 934 F.2d at 1452 (no minor role adjustment where defendant located source of cocaine, set terms of deal, arranged the transaction to take place on his used car lot, and was entrusted with the cocaine); see also United States v. Boyer, 931 F.2d 1201, 1205 (7th Cir.1991) (no minor role adjustment where defendant set up the drug transaction between his co-defendant and the undercover officer).
 
 
 5
 Here, the presentence report indicated that: (1) Espinosa, on behalf of a confidential informant ("CI"), contacted co-defendant Javier Quintero-Castro ("Quintero") regarding the purchase of cocaine; (2) Espinosa, Quintero and the CI met in Espinosa's motel room to discuss the drug purchase; (3) the CI met Espinosa a second time in his motel room to continue negotiations; (4) Espinosa was present when Quintero gave the CI a sample of the cocaine; and (5) the three men met at Quintero's girlfriend's apartment and concluded a four-kilogram drug transaction.
 
 
 6
 Espinosa contests these facts and contends that he was entitled to a minor role adjustment because he merely introduced the CI to Quintero. He also contends that the district court improperly relied on his prior record as a basis for denying him an adjustment. These contentions lack merit.
 
 At sentencing, the district court stated:
 
 7
 It is ludicrous, as both parties agree, to think that a person with your [criminal] background ... does not know if he's getting into a drug deal.
 
 
 8
 * * *
 
 
 9
 ... When you were putting these people together, it is ludicrous to think, in my judgment, that you didn't know that a drug deal was going down and that you weren't really part of it and that you weren't going to get paid for whatever your participation was. This was not small drug deal. There was big money involved. There were big drugs.
 
 
 10
 ... Don't think for one minute that I think that you were peripherally involved because you weren't. You were a key player. You were a key player. And you can stand here and tell me otherwise, but I read the presentence report. I listened to the evidence ... [in your co-defendant's trial] and I just reviewed the evidence now. It's in this book that I keep on every trial that I hear, and there was no question but what you were just as involved as were the other parties. It takes all the people to put the activity together. It takes an introduction.
 
 
 11
 ............................................................
 
 
 12
 ....................
 
 
 13
 * * *
 
 
 14
 I'm not going to give you any minor role because, as I say, it took somebody to put A together with B. And as Mr. Aguilar [the prosecutor] says, you were present throughout many of the key points when this conspiracy took place.
 
 
 15
 (RT 1/22/92 at 35-36).
 
 
 16
 Our review of the record indicates that the district court did not use Espinosa's prior record as a ground for denying the role adjustment. Evidence in the record supports the district court's conclusion that Espinosa consciously played a formative role in arranging the drug transaction. See Molina, 934 F.2d at 1452; see also Boyer, 931 F.2d at 1205. Therefore, the district court did not clearly err by determining that Espinosa was not entitled to a downward adjustment in his offense level. See Molina, 934 F.2d at 1452.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This circuit has not yet decided whether the defendant's actions are compared to a participant in the criminal offense of conviction or to an average participant in this type of crime in general. See United States v. Andrus, 925 F.2d 335, 338 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991); United States v. Howard, 894 F.2d 1085, 1088 (9th Cir.1990). We need not decide this issue here because " 'under either comparison the district court did not err.' " See Andrus, 925 F.2d at 338 (quoting Howard, 894 F.2d at 1088)