980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Jack L. SCROGGINS, Defendant/Appellant.
 No. 92-1576.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 1, 1992.*
Decided Dec. 3, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Police arrested Jack Scroggins for his involvement in a conspiracy that had made a series of drug deals to undercover agent Danny Reed. The details of those deals are laid out in United States v. Scroggins, 939 F.2d 416, 418-20 (7th Cir.1991). The first time we reviewed this case we remanded it to the district court for resentencing because it was unclear whether the judge had considered if Scroggins was eligible for a two-point decrease in his base offense level for being a minor participant in the conspiracy. Upon reconsideration the district court said he was not.
 
 
 2
 The sole issue before us is whether the district court clearly erred by holding that Scroggins was more than a minor participant in the conspiracy. "[A] minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n. 3). Scroggins first argues that because the government tied him to the conspiracy as an aider and abettor it has conceded that he was a minor participant. We expressly rejected that argument in United States v. Boyer, 931 F.2d 1201, 1205 (7th Cir.1991). Rather, we look to the particular facts of the case, U.S.S.G. § 3B1.2, comment. (backg'd), and determine whether Scroggins fulfilled his role with the same commitment to achieving the ends of the conspiracy. United States v. Cea, 963 F.2d 1027, 1033 (7th Cir.1992); United States v. Palinkas, 938 F.2d 456, 460 (4th Cir.1991) ("The critical inquiry is thus not just whether the defendant has done fewer 'bad acts' than his codefendants, but whether the defendant's conduct is material or essential to committing the offense").
 
 
 3
 The judge said that Scroggins had enough culpability to raise him above the level of a minor participant. He based that ruling on the following findings. Several times Scroggins provided his house to his coconspirators as a safe haven for negotiations and sales of drugs. This same factor was a major reason for denying the minor-participant deduction in Cea, 963 F.2d at 1033. Scroggins also lent his presence and persuasion to help inspire confidence in Reed when Reed was buying drugs. Specifically, Scroggins attested to the quality of the drugs, he patted down Reed to insure the security of his coconspirators, and he even strong-armed Reed once by holding a gun at him during a drug deal. These activities are similar to the defendant's participation in United States v. Brick, 905 F.2d 1092, 1095 (7th Cir.1990), in which the defendant was denied a minor-participant deduction. Scroggins also participated actively in the discussions initiating and perpetuating the conspiracy. The judge found that he participated in getting his coconspirators in touch with Reed, and assured them that Reed was a legitimate buyer when they suspected that Reed might be an agent. Scroggins not only helped bring the parties into the mix, but also helped to assuage any potential volatility in the mix. Such a role has served before to deny a defendant a minor-participant deduction. United States v. Villasenor, Nos. 91-1107, 91-1108, 91-1596 & 91-1756, slip op. at 8 (7th Cir. Oct. 8, 1992); Boyer, 931 F.2d at 1205.
 
 
 4
 At the first sentencing, after deciding that Scroggins was not a minor participant, the judge decided where in the guideline range he should sentence Scroggins. For purposes of this decision the prosecutor suggested and the court agreed that he was less of a player in the conspiracy than his coconspirators. Scroggins argues that this finding is tantamount to an admission by the court that he was a minor participant. The judge, however, simply found that Scroggins was not a minor participant, but that he was entitled to less punishment than his coconspirators. This was a proper exercise of discretion. United States v. Osborne, 931 F.2d 1139, 1157 (7th Cir.1991). Because the court's findings and ruling leaves us with no "definite and firm conviction that a mistake has been committed[,]" United States v. Golden, 954 F.2d 1413, 1416 (7th Cir.1992), the decision of the district court is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs