989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald L. BOYER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1522.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 6, 1993.
Decided March 19, 1993.
As Amended March 30, 1993.
Order to Show Cause Discharged April 7, 1993.
 
 Before POSNER and RIPPLE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 On December 14, 1989, a federal jury found Ronald D. Boyer guilty of conspiracy to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Boyer to 216 months imprisonment, four years supervised release and a special assessment of $50. Boyer brought a motion challenging the propriety of his sentence, pursuant to 28 U.S.C. § 2255. On February 3, 1992, Judge Stiehl found that Boyer had procedurally defaulted on his claims and that he had not established cause and prejudice to overcome the default. Boyer appeals. Based on the discussion below, we affirm.
 
 I. BACKGROUND
 
 2
 The details concerning Boyer's conviction and sentence are discussed in United States v. Boyer, 931 F.2d 1201, 1202-03 (7th Cir.1991), and only those facts relevant to this appeal will be included here. At sentencing, Judge Stiehl determined that the contemplated sale of three kilograms of cocaine between an undercover officer and a coconspirator was reasonably foreseeable to Boyer and found that Boyer could not be characterized as a "minor participant" under § 3B1.2. Based on these findings, Boyer's base offense level would have been 28. Judge Stiehl granted Boyer a two-point reduction for acceptance of responsibility under § 3E1.1, thereby reducing his base offense level to 26.
 
 
 3
 In addition, Boyer's four prior state court convictions were taken into account. The first three convictions concerned three separate armed robberies, having occurred on March 25, 1978, April 11, 1978 and April 20, 1978, respectively. On January 19, 1978, Boyer was sentenced to concurrent terms of five years probation in each case. In February of 1980, Boyer was indicted for capital murder, alleged to have been committed on December 8, 1978. In that case, Boyer was tried and convicted of second-degree murder and, on September 5, 1980, was sentenced to 20 years imprisonment. On October 17, 1980, the court revoked Boyer's probation on the first three cases and sentenced him to three concurrent terms of ten years, to run concurrently with the 20 year sentence.
 
 
 4
 Judge Stiehl ruled that, for purposes of the Sentencing Guidelines, the robbery convictions would be treated as related but the murder conviction would be treated as unrelated to the robbery convictions. The court commented:
 
 
 5
 [T]he presentence report does consider the three convictions for robbery in the first degree as related, making them one conviction for the purposes of determining whether or not we have a career criminal. The fact that the defendant was sentenced to concurrent terms at the revocation hearing or subsequent to the revocation hearing on the three robberies in the first degree convictions and that those sentences in turn were concurrent with the sentence on the homicide, does not, in the Court's opinion, make them related offenses.
 
 
 6
 Transcript of Sentencing Hearing at 58-59 (March 23, 1990) ("Tr. at 58-59"). In addition, Judge Stiehl denied Boyer's objection that § 4B1.1 was unconstitutional in that it used his prior convictions to increase both his offense level and criminal history category. Tr. at 21-25. Applying § 4B1.1, the judge concluded that the appropriate total offense level was 32 with a criminal history category of VI, giving a sentencing range of 210 to 262 months. Tr. at 75. Boyer was sentenced to 216 months imprisonment, four years supervised release and a special assessment of $50. Boyer appealed his conviction and sentence to this court. We affirmed, Boyer, 931 F.2d 1201, and Boyer filed a pro se motion for reconsideration and/or rehearing en banc and a supplemental petition for rehearing and/or transfer to the court en banc, which we denied as untimely. Boyer filed a petition for certiorari with the United States Supreme Court, which was denied. Boyer v. United States, 112 S.Ct. 209 (1991).
 
 
 7
 On December 16, 1991, Boyer filed pro se a motion for relief under § 2255. Boyer did not raise on direct appeal the claims which he presented in his § 2255 motion. Judge Stiehl found that Boyer had procedurally defaulted on his claims and could not demonstrate cause and prejudice for his failure to raise these grounds on direct appeal, and denied Boyer's petition. United States v. Boyer, No. 89-30013 (S.D.Ill. Feb. 8, 1992). Boyer filed a timely appeal.
 
 II. DISCUSSION
 
 8
 A motion under § 2255 is not a substitute for a direct appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992); Qualls v. United States, 774 F.2d 850, 851 (7th Cir.1985). Where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 168 (1982); Van Russell v. United States, 976 F.2d 323, 326 (7th Cir.1992); Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir.1989).
 
 
 9
 In arguing cause, Boyer relies principally on the United States Supreme Court's decision in Reed v. Ross, 468 U.S. 1 (1984), where the Court held, "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise a claim." Id. at 16; but see Teague v. Lane, 489 U.S. 288 (1989) (new rules of constitutional interpretation will not, in general, be applied or announced on collateral review). A constitutional claim is not "reasonably available" if the decision establishing that claim (1) expressly overruled existing Supreme Court precedent, (2) overturned a long-standing and widespread practice to which a "near unanimous" body of lower court authority had adhered or (3) disapproves of a practice that the Supreme Court had arguably sanctioned in the past. Id. at 17. Futility alone does not constitute cause for procedural default. Salberg, 969 F.2d 379, 382 (7th Cir.1992); Engle v. Isaac, 456 U.S. 107, 130 (1982).
 
 
 10
 Boyer first argues that the career offender provision, § 4B1.1, counts his prior convictions twice because it increases both his offense level and criminal history category. He contends that this "double counting" violated both the due process and double jeopardy clauses of the Fifth Amendment. Judge Stiehl found that Boyer had failed to raise this ground on direct appeal, and had not demonstrated cause for his failure to do so. Boyer argues here that his claim is novel under the standards enunciated in Reed, and therefore he has demonstrated good cause for his failure to raise this ground. Boyer, however, seems not to have argued his novelty theory before Judge Stiehl, and that would be a sufficient reason for disregarding it on appeal. In any event, although the theory may be "novel" to the extent of being far-fetched, it does not qualify as "novel" under Reed.
 
 
 11
 Second, Boyer argues that the trial court misapplied the career offender provision of the Sentencing Guidelines by finding that his robbery convictions and murder conviction were unrelated offenses.[1] He contends that somehow this claim raises a question as to the binding nature of the Guidelines' commentary, particularly U.S.S.G. § 4A1.2(A)(2), Application Note 3. In the district court, Boyer argued that ineffective assistance of counsel was the cause for his failure to raise this argument on direct appeal. Judge Stiehl implicitly assumed arguendo counsel's ineffectiveness. However, in light of our recent decision in United States v. Elmendorf, 945 F.2d 989, 997 (7th Cir.1991) (convictions "consolidated for the purpose of convenience" counted as separate convictions for purposes of determining career offender status), cert. denied, --- U.S. ----, 112 S.Ct. 990 (1992), Judge Stiehl found that the claim had no merit and therefore Boyer could not show actual prejudice for his counsel's failure to raise it on direct appeal.[2]
 
 
 12
 Boyer does not argue here that he had good cause for his failure to raise this claim on direct appeal due to ineffective assistance of counsel. Rather, Boyer argues that his claim is novel because of a recent conflict among the circuits concerning the binding nature of the Guidelines' commentary. Boyer did not argue novelty as cause before Judge Stiehl, and therefore waived it. In any event, we agree with Judge Stiehl that Boyer's claim has no merit. The Commentary provides that "prior sentences are considered related if they resulted from offenses (1) that occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing...." U.S.S.G. § 4A1.2(A)(2), Application Note 3. Boyer was sentenced on separate dates for the robbery convictions and murder conviction. Upon revocation of probation for the robbery convictions, Boyer was resentenced to three concurrent terms of ten years for the robberies, to be served concurrently with the 20 year sentence imposed for the murder (a sentence imposed at an earlier hearing). Concurrent sentences clearly do not render these offenses "consolidated for trial or sentencing."
 
 
 13
 For the foregoing reasons, the judgment of the district court dismissing the petition for habeas corpus is AFFIRMED.
 
 
 14
 Boyer was represented by attorney James T. LaVecchia on this appeal. After considering LaVecchia's failure to acknowledge the legal problems confronting his client and the irrelevant arguments he has raised, we have determined that the appeal is frivolous under Federal Rule of Appellate Procedure 38. We, therefore, order LaVecchia to show cause why he (not his client) should not pay the appellee's costs, attorneys' fees, and other expenses for this appeal. The attorney must file his response within fifteen days of this decision. During this same period of time the appellee should provide to this court a statement of its costs, attorneys' fees, and other expenses that it reasonably has incurred in defending this appeal.
 
 
 15
 Ripple, Circuit Judge, dissenting from the issuance of the rule to show cause to Attorney LaVecchia.
 
 ORDER
 
 16
 April 7, 1993.
 
 
 17
 Upon consideration of Attorney LaVecchia's response, filed April 1, 1993, to our order to show cause, amended March 30, 1993, we have decided not to award damages under Federal Rule of Appellate Procedure 38, and the order to show cause is hereby,
 
 
 18
 DISCHARDED.
 
 
 
 [1]
 Boyer qualified as a career offender because (1) he was at least 18 years of age at the time of the instant offense, (2) the instant offense is a felony, and (3) he had two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1
 
 
 [2]
 Where counsel's conduct falls below an objective standard of reasonableness, a defendant must additionally demonstrate actual prejudice as a result of counsel's failure--that is, he must present evidence that there is a reasonable probability that but for the counsel's errors, the outcome would have been different. Strickland v. Washington, 466 U.S. 668, 690-92 (1984); Van Russell, 976 F.2d at 327