UNITED STATES of America, Plaintiff–Appellee,

v.

Gary W. HOGGARD, Defendant–Appellant.

No. 95–1082.

United States Court of Appeals, Seventh Circuit.

Argued July 7, 1995.

Decided July 27, 1995.

Estaban F. Sanchez (argued), Office of U.S. Atty., Springfield, IL, for plaintiff-appellee.

Jon G. Noll, Jeffrey T. Page (argued), Springfield, IL, for defendant-appellant.

Before POSNER, Chief Judge, BAUER and KANNE, Circuit Judges.

PER CURIAM.

Gary Hoggard pleaded guilty to bank robbery. 18 U.S.C. § 2113(a). He appeals his sentence, arguing that the district court should not have included a prior conviction in calculating his criminal history points under the Sentencing Guidelines because he had not been represented by counsel and a sentence of incarceration had been imposed. We affirm.

The presentence investigation report ("PSI") listed Hoggard's 1984 conviction in Portage County, Indiana for theft and his 1992 conviction in Sangamon County, Illinois for retail theft. Hoggard disputes the inclusion of the 1992 conviction. He pleaded guilty to the 1992 theft charge and was sentenced to two days in jail. However, the probation officer who prepared the PSI was unable to determine from the case record of that conviction whether Hoggard had been represented by counsel. After speaking with the Honorable Jeanne Scott, Chief Judge of the Circuit Court of Sangamon County at the time of the conviction, the probation officer concluded that it was customary for the judges of Sangamon County to advise criminal defendants of their right to counsel and of the waiver of such right upon entering a plea of guilty in misdemeanor cases. He therefore recommended that Hoggard receive two criminal history points placing him in Criminal History category II rather than category I.

Hoggard objected. He argued that the 1992 conviction should not be included in the criminal history calculation because he had not been represented by counsel and there was no evidence in the record that he was advised of his right to counsel. The district court relied on the affidavit of Judge Roger Holmes, the sentencing judge in the Sangamon County case, to establish that it was the custom and practice of judges in that jurisdiction to advise defendants of their right to counsel. Because Hoggard bore the burden of producing sufficient indicia that the prior conviction was constitutionally invalid and because he presented no evidence to counter Judge Holmes' affidavit, the district court counted the 1992 conviction in calculating Hoggard's criminal history points.

The district court's findings of fact at sentencing are reviewed for clear error. *United States v. Fones,* 51 F.3d 663, 665 (7th Cir.1995). Questions interpreting the Sentencing Guidelines are reviewed de novo. *Id.*

■ In determining a defendant's Criminal History category under the Sentencing Guidelines, a defendant is given at least one point for each prior sentence. U.S.S.G. § 4A1.1 (1994). The Guidelines and commentary "do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law." U.S.S.G. § 4A1.2, comment. (n.6) (1994). In this circuit, a defendant may not collaterally attack a prior state conviction at sentencing unless the conviction is presumptively void—that is, the lack of constitutionally guaranteed procedures is plainly detectable from the face of the record. *United States v. Mitchell,* 18 F.3d 1355, 1360 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 640, 130 L.Ed.2d 546 (1994). The burden is on the defendant to show that a prior conviction is invalid. *United States v. Pedigo,* 12 F.3d 618, 629 (7th Cir.1994); *Cuppett v. Duckworth,* 8 F.3d 1132, 1136 (7th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1226, 127 L.Ed.2d 571 (1994); *United States v. Boyer,* 931 F.2d 1201, 1204 (7th Cir.), *cert. denied,* 502 U.S. 873, 112 S.Ct. 209, 116 L.Ed.2d 167 (1991).[1]

Similarly, the Supreme Court recognized a limited right to collaterally attack a prior conviction under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Custis v. United States,* —— U.S. ——, ——–——, 114 S.Ct. 1732, 1735–39, 128 L.Ed.2d 517 (1994). In *Custis,* the Court held that a defendant has no constitutional right to challenge a prior conviction under § 924(e) unless the conviction was obtained in violation of the right to counsel. *Id.* Recent cases in this circuit suggest that *Custis* may further limit the scope of collateral review permitted in *Mitchell. United States v. Billops,* 43 F.3d 281, 288 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1389, 131 L.Ed.2d 241 (1995); *United States v. Killion,* 30 F.3d 844, 846 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 954, 130 L.Ed.2d 896 (1995). We need not decide that question in this case, however, because the issue Hoggard raises—the lack of counsel in the 1992 theft case—is reviewable under both *Mitchell* and *Custis.*

■ Pursuant to the Sixth Amendment, the defendant must be afforded the right to appointment of counsel where a sentence of incarceration is imposed. *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). Because Hoggard was sentenced to two days in prison, he had a right to counsel. This right, however, may be waived. *United States v. Sandles,* 23 F.3d 1121, 1125–26 (7th Cir.1994).

■ In this case, the circuit judge who presided over the 1992 retail theft case submitted an affidavit stating that it was his practice, in accordance with Illinois Supreme Court Rule 402(a), to advise all defendants appearing before him for their first appearance or arraignment of the criminal charges against them, the maximum and minimum penalties, the right to a jury trial, the right to confront witnesses, and "their right to be represented by counsel of their choice or

---

1. In *Pedigo* and *Boyer,* we relied on the pre–1993 language of the commentary to U.S.S.G. § 4A1.2 to establish that the defendant has the burden of proof. Former Application Note 6 stated: "[S]entences resulting from convictions *that a defendant shows* to have been previously ruled constitutionally invalid are not to be counted." (Emphasis added). Effective November 1, 1993, Application Note 6 was amended and now reads: Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted. With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law.

Although the amendment does not clearly denote who has the burden of proof, we can conceive of no reason to change the rule of law as stated in *Pedigo* and *Boyer. See Cuppett,* 8 F.3d at 1136 (in a collateral attack, this circuit places the burden on the defendant to show that the prior conviction was unconstitutionally obtained); *see also United States v. Ferguson,* 935 F.2d 862, 867 (7th Cir.1991) (under Armed Career Criminal Act, *see* 18 U.S.C. § 924(e), burden of proof falls upon the defendant to show that prior conviction is unconstitutional), *cert. denied,* 502 U.S. 1045, 112 S.Ct. 907, 116 L.Ed.2d 807 (1992). The Supreme Court has held that in a collateral attack, placement of the burden of proof on the defendant is constitutional. *Parke v. Raley,* —— U.S. ——, ——, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992).

court appointed counsel if they were unable to afford to retain their own private counsel." [2] In addition, he advised each individual charged with a misdemeanor that they may choose to enter a plea of guilty or not guilty at that time and that an entry of a guilty plea would represent a waiver of their constitutional rights.

■ A strong presumption of regularity in state judicial proceedings exists. *Cuppett*, 8 F.3d at 1136; *United States v. Dickerson*, 901 F.2d 579, 583 (7th Cir.1990). Where there is no record from a challenged conviction, the court may accept testimony establishing the "custom and the practice" of the trial court in following proper procedures. *United States v. Scroggins*, 965 F.2d 480, 482–83 (7th Cir.1992); *United States v. De-Forest*, 946 F.2d 523, 525 (7th Cir.1991), *cert. denied*, 502 U.S. 1118, 112 S.Ct. 1235, 117 L.Ed.2d 469 (1992). Accordingly, the district court here did not err in accepting Judge Holmes' affidavit. Hoggard offers no evidence to refute the affidavit or to show that he did not waive his right to counsel. Because he has failed to carry his burden, the district court was correct in presuming the validity of the 1992 theft conviction.

Hoggard does not explain why a prior conviction which is deemed valid cannot be used as a basis for enhancing the defendant's sentence for a subsequent offense. Indeed, in *Nichols v. United States*, the Supreme Court held that an uncounseled misdemeanor conviction for which the defendant did not receive a term of imprisonment could be relied upon to enhance the sentence for a subsequent offense, *even* if that sentence included incarceration. — U.S. ——, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). Hoggard distinguishes his case by noting that he received a term of imprisonment for his uncounseled misdemeanor conviction. The point he attempts to make is unclear.

The fundamental premise of *Nichols* is that an uncounseled misdemeanor conviction may be used to enhance punishment for a subsequent offense if it was validly obtained. *Id.* at ——, 114 S.Ct. at 1928. For sentenc-

ing enhancement purposes, the *Nichols* court found no reason to distinguish between felonies and misdemeanors, noting that traditionally, "sentencing judges have considered a wide variety of factors in addition to evidence of guilt in determining what sentence to impose." *Id.* Such factors include a defendant's past criminal behavior even if no conviction resulted. *Id.* Here, although Hoggard was entitled to representation given the imposition of a two-day jail term, the district court found that he had waived that right. That finding is not clearly erroneous. Accordingly, Hoggard's conviction, like Nichols', was validly obtained and properly counted in calculating his criminal history points under the Guidelines.

On appeal, Hoggard attempts to raise an additional argument, contending that even if he was advised of his right to counsel, the record is silent as to whether the judge insured that he understood that right. Hoggard points to his history of mental illness as well as to a statement he made to the arresting officer in 1992 to suggest that he was incompetent. Apparently Hoggard told the officer at the time of the arrest for the theft that he "did it because he wanted to go to prison."

■ Arguments made for the first time on appeal are reviewed for plain error only. *United States v. Soto*, 48 F.3d 1415, 1421 (7th Cir.1995). As already noted, state judicial proceedings are accorded a presumption of regularity. *Cuppett*, 8 F.3d at 1136. Pursuant to Illinois Supreme Court Rule 401, the court must ensure that the defendant is informed of his right to counsel and must determine that the defendant understands that right. Hoggard's statement to the arresting officer does not raise the specter of incompetence. Without any other evidence demonstrating his incompetence, Hoggard cannot stage a successful collateral attack on his 1992 conviction.

Because Hoggard fails to present any evidence to show that the state court failed to follow its customary procedures in 1992, he

---

**2.** In fact, Illinois Supreme Court Rule 401 discusses the judge's duty to inform the defendant of his right to counsel before he accepts a waiver

of that right. Rule 402 lists the admonitions to be given the defendant before a plea of guilty is accepted.

cannot establish the invalidity of his 1992 conviction. Although that offense was a misdemeanor, it may be considered in determining Hoggard's Criminal History category for the current offense. Accordingly, Hoggard's sentence is AFFIRMED.