78 F.3d 587
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie E. MURRY, Defendant-Appellant.
 No. 95-1096.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 20, 1996.
Decided Feb. 28, 1996.
 
 Before PELL, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Willie E. Murry pleaded guilty to possession of crack cocaine with the intent to distribute. The district court imposed a sentence of 120 months of imprisonment and four years of supervised release. Murry's attorney, Joseph M. Borsberry, filed a motion to withdraw as counsel accompanied by a no-merit brief, see Anders v. California, 386 U.S. 738 (1967), arguing that any appeal would be frivolous. The court notified Murry that an Anders brief had been filed, see Circuit Rule 51(a), and Murry has not filed a response.
 
 
 2
 A criminal defendant is entitled to the assistance of counsel on direct appeal to this court unless an appeal would be "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993). We must appoint counsel if the record reveals that Murry can raise any "arguable" legal claims. Penson v. Ohio, 488 U.S. 75, 83 (1988). The Court of Appeals must examine the entire record rather than limit its inquiry to the points raised in the no-merit brief. Anders, 386 U.S. at 744.
 
 
 3
 In his Anders brief, Borsberry raises three issues that might support an appeal. We agree that all three are frivolous. First, Murry could potentially argue that the sentencing provisions that equate 1 gram of crack with 100 grams of powder cocaine violate the equal protection clause because of their disparate impact on African-Americans and constitute cruel and unusual punishment. In the proceedings below, Murry's counsel requested leave to brief these arguments, which the district court granted. Murry later decided to withdraw these challenges, and for good reason: we have previously rejected both arguments. See United States v. Jones, 54 F.3d 1285, 1293-94 (7th Cir.) (rejecting equal protection argument), cert. denied, 116 S.Ct. 263 (1995); United States v. Smith, 34 F.3d 514, 525 (7th Cir.1994) (holding that 100:1 ratio does not constitute cruel and unusual punishment). Thus, these constitutional challenges to the 100:1 ratio would be frivolous.
 
 
 4
 Second, the district court departed downward from criminal history category VI to category V in imposing sentence, noting that many of Murry's criminal history points were for traffic offenses. Borsberry suggests that Murry might challenge the district court's refusal to grant a departure to category IV, as was requested. The Court of Appeals, however, has no jurisdiction to review the extent of a downward departure from an otherwise lawful sentence. United States v. Yahne, 64 F.3d 1091, 1094 (7th Cir.1995). Thus, an appeal based on this issue would be frivolous.
 
 
 5
 Finally, Murry could potentially challenge the assessment of criminal history points for his traffic offenses, which include three convictions for driving with a revoked license and one conviction for reckless driving. Murry received jail sentences of over 30 days for each of these convictions. The guidelines explicitly state that these offenses count toward a defendant's criminal history if a jail term of over 30 days is imposed. U.S.S.G. § 4A1.2(c)(1). Thus, any argument that criminal history points should not have been applied to the traffic violations would be frivolous.
 
 
 6
 Our independent examination of the record revealed one additional potential argument. The presentence report states that the probation office was unable to verify that Murry was represented by counsel in the trials where he was convicted of the traffic violations. Because he received terms of imprisonment for these convictions, he had a right to counsel under the Sixth Amendment. Faretta v. California, 422 U.S. 806, 807 (1975). If Murry establishes that he was convicted of the traffic offenses in violation of his right to counsel, the convictions may not be used to enhance his current sentence. United States v. Hoggard, 61 F.3d 540, 542 (7th Cir.1995); cf. Custis v. United States, 114 S.Ct. 1732, 1737-39 (1994). All four of the traffic violations were prosecuted in the Peoria traffic court. While noting that the Peoria traffic court files did not indicate whether Murry was represented by counsel, the presentence report states that the Peoria traffic court follows a policy of assigning public defenders to represent defendants when a term of imprisonment may be imposed. The Peoria traffic court thus has a "custom and practice" of insuring that defendants are granted their Sixth Amendment right to counsel, and we will presume that this practice was followed unless Murry introduces evidence to the contrary. Hoggard, 61 F.3d at 543. The record contains no evidence that Murry was deprived of his right to counsel in the Peoria traffic court. Thus, any appeal on this issue would be frivolous.
 
 
 7
 After reviewing the record, we agree that any appeal from Murry's conviction and sentence would be frivolous. Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.