129 F.3d 120
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent WILLIAMS, Defendant-Appellant.
 No. 96-2647.
 United States Court of Appeals, Seventh Circuit.
 Argued September 12, 1997.
Decided September 22, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois.
 Before CUMMINGS, EASTERBROOK, and KANNE, Circuit Judges.
 
 Order
 
 1
 Following his plea of guilty to a cocaine distribution conspiracy, Vincent Williams was sentenced to 144 months' imprisonment. He believes the sentence to be excessive under the Sentencing Guidelines.
 
 
 2
 One argument is that the judge set the drug quantity too high. Unfortunately for Williams, he confessed to dealing in larger quantities than the judge ultimately attributed to him. Williams argued at sentencing that he now remembers dealing only a smaller quantity. It is impossible to see how a calculation supported by the testimony of two witnesses in addition to defendant's out-of-court statements could be deemed clearly erroneous.
 
 
 3
 A second argument is that six of his prior convictions should not have been counted in the criminal history calculation because he did not have the benefit of counsel in the proceedings that led to those convictions (all of which were based on pleas of guilty in the Circuit Court of Sangamon County, Illinois). Of course, having counsel is not essential; the question under Custis v. United States, 511 U.S. 485 (1994), and Nichols v. United States, 511 U.S. 738 (1994), is whether the defendant had the opportunity to be represented, when the Constitution required that he have that opportunity. Sometimes a defendant is not entitled to counsel (for example, in misdemeanor cases that do not produce a sentence of imprisonment), and sometimes defendants waive their entitlement to counsel. The district judge received affidavits from state judges about their practices concerning charges of the type involved; the judges related that they regularly informed defendants of their constitutional entitlement to legal representation. Evidence of this kind may support an inference that an opportunity to have the assistance of counsel was afforded in a particular case. United States v. Hoggard, 61 F.3d 540, 542-43 (7th Cir.1995). The district judge drew this inference, which cannot be deemed clearly erroneous.
 
 
 4
 The only other contention we need discuss is Williams' objection to a two-level enhancement for obstruction of justice. Williams violated the conditions of his bond. Despite a bench warrant for his arrest, he did not surrender or appear at a scheduled conference. When officers later located him, Williams did not give up until they obtained a second warrant (a search warrant) in order to enter the place where he had been found. These events support an enhancement under U.S.S.G. § 3C1.1. See United States v. Teta, 918 F.2d 1329, 1334-35 (7th Cir.1990).
 
 
 5
 AFFIRMED.