NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 27, 2011
Decided August 15, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1289

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | 3:10-CR-30073-001-DRH |
| ALVIN C. LOVE, <br> *Defendant-Appellant.* | David R. Herndon, <br> *Chief Judge.* |

## O R D E R

Police officers pulled over Alvin Love for driving without a seat belt and arrested him after he admitted that a firearm visible on the floorboard belonged to him. Love pleaded guilty to possessing a firearm after having previously been convicted of a felony, *see* 18 U.S.C. § 922(g)(1), and was sentenced to 51 months' imprisonment. He filed a notice of appeal, but his appointed lawyer, unable to identify an arguable issue to pursue, moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Love has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Love has given no indication that he wants his guilty plea vacated, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of

the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel first evaluates whether Love could challenge the addition of three points to his criminal-history calculation for two misdemeanor convictions. Counsel notes that Love may have been unrepresented in these proceedings, and a misdemeanor conviction obtained in violation of the right to counsel may not be used to enhance the punishment for a subsequent offense. *See United States v. Feliciano*, 498 F.3d 661, 664-65 (7th Cir. 2007); *United States v. Hoggard*, 61 F.3d 540, 542-43 (7th Cir. 1995). The defendant bears the burden of proving that the prior conviction was invalid. *See United States v. Katalinich*, 113 F.3d 1475, 1481 (7th Cir. 1997). Here, the district court found that Love did not meet this burden because he pointed to no evidence suggesting that he was unrepresented in the misdemeanor proceedings. Indeed, at sentencing, Love could not recall whether he was unrepresented and, if so, whether he had waived the right to counsel. We agree with counsel that the district court did not clearly err in finding that Love had not shown that the prior convictions were constitutionally invalid. *See Hoggard,* 61 F.3d at 542.

Counsel next considers whether Love could argue that his 51-month prison sentence is substantively unreasonable, but aptly rejects any such argument as frivolous. Love's sentence is at the bottom of his guidelines range and thus presumptively reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pulley*, 601 F.3d 660, 668 (7th Cir. 2010), and counsel identifies no reason to disturb that presumption. When imposing this within-guidelines sentence, the district court properly applied the § 3553(a) factors, weighing Love's rather extensive criminal history, *see* § 3553(a)(1), against his effort to reeducate himself at a trade school in order to support his children, *see* § 3553(a)(2).

Last counsel considers whether Love could assert an ineffective assistance claim against her. Because counsel represented Love at sentencing and the trial record on this point is undeveloped, counsel is correct that Love would be better served by reserving any such claim for collateral proceedings under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Isom*, 635 F.3d 904, 909 (7th Cir. 2011).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.