UNITED STATES of America, Plaintiff,

v.

Mario CARVAJAL–MINOTA, Defendant.

No. CR–88–0501 EFL.

United States District Court,
N.D. California.

March 6, 1989.

Rodolfo Orjales, Asst. U.S. Atty., San Francisco, Cal., for plaintiff.

Nancy Pemberton, Asst. Federal Public Defender, San Francisco, Cal., for defendant.

## ORDER

LYNCH, District Judge.

Defendant Carvajal–Minota was found guilty after a jury trial of three drug offenses in violation of Title 21 United States Code sections 841, 843 and 846. The government has indicated its intention to seek sentencing enhancement on the basis of a prior conviction pursuant to 21 U.S.C. section 851. Defendant objects to the use of the enhancement information in this case because he has not been served with a copy of such enhancement information as required by section 851. The government, admitting that formal service was never made, argues that exact compliance with the words of the statute is unnecessary in this case because defendant had actual knowledge of the fact that the government had filed an enhancement information prior to trial. The parties disagree as to whether defendant's attorney had actual knowledge of the fact that an enhancement information had been filed. The Court does not make findings on this issue, as no evidentiary hearing was conducted. The Court assumes, *arguendo,* that defendant's attorney had actual knowledge that the information had been filed.

Whether a criminal penalty can be increased on the basis of an enhancement information which was filed prior to trial, but not formally served on the defendant, appears to be a question of first impression. Section 851(a)(1) provides in relevant part:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, ... the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. sec. 851(a)(1).

This Court holds that an enhancement information may not be used to increase a sentence unless it has been served upon the defendant prior to trial in compliance with Rule 49 of the Federal Rules of Criminal Procedure and Rule 210 of the Local Rules for the United States District Court, Northern District of California. In so ruling, this Court looks to the plain language of the statute and to the findings of the Eleventh and Fifth Circuits in similar cases.

Congress has clearly stated that the enhancement information is to be filed *and served* prior to trial. Both the Fifth and Eleventh Circuits have held that the filing

requirement is jurisdictional and that the district court does not have authority to enhance a sentence if the enhancement information is not filed. *United States v. Olson,* 716 F.2d 850, 853 (11th Cir.1983); *United States v. Noland,* 495 F.2d 529 (5th Cir.1974).

In *Olson* and *Noland,* the Eleventh and Fifth Circuit Courts found that Congress imposed a strict condition on the exercise of prosecutorial discretion to seek an enhanced sentence pursuant to section 851. The Eleventh Circuit stated: "Unless and until prosecutorial discretion is invoked and the government files *and serves* an information as required by Sec. 851, the district court has no power to act with respect to an enhanced sentence; ..." *Olson,* 716 F.2d at 853 (emphasis added). The Fifth Circuit stated: "The words '[n]o person ... shall be sentenced to increased punishment ... unless....' restrict the court's authority to impose enhanced sentences to cases where the information is filed with the court *and served* on the defendant before trial." *Noland,* 495 F.2d at 533 (emphasis added).

The Court recognizes that the *Olson* and *Noland* cases involved a substantial failure to comply with the provisions of section 851 in that the prosecutor did not *file* the information, let alone serve it on the defendant, and because neither case reached the question of service upon the defendant, the finding that *service* is a jurisdictional requirement is arguably dicta.

The only case to approach this issue, in which the enhancement information was filed but allegedly not served, is *United States v. Cevallos,* 538 F.2d 1122 (5th Cir. 1976). However, in *Cevallos,* the Fifth Circuit did not have to reach the ultimate issue of whether service is a jurisdictional requirement because the Court found that service had, in fact, been made: "Assuming that a failure by the Government strictly to comply with section 851(a)(1)'s requirement of service ... does deprive the District Court of jurisdiction to impose an enhanced sentence, ... the uncontroverted evidence more than supports the District Judge's implied finding that petitioner's

counsel was in fact served with a copy of the information ... prior to the guilty plea ..." *Cevallos,* 538 F.2d at 1125.

This Court is unpersuaded by the government's argument that service is not required where the defendant had actual notice of the filing of the information. The government appears to rely upon the notion that its mistake was merely procedural and amounts to harmless error. However, "[h]armless error cannot give the district court authority that it does not possess." *Olson,* 716 F.2d at 853. In drafting section 851, Congress explicitly called for filing *and* service upon the defendant. The term "service" is a term of art. A large body of jurisprudence and numerous rules have been developed to govern the service of papers in judicial proceedings. This Court cannot second-guess the legislature by assuming that the use of the term "serve" was casual. The Courts have clearly held that filing is a jurisdictional requirement. This Court sees no reason to disregard the clear language of Congress regarding service and will not assume that, while filing is a strict requirement, service is an informal and secondary requirement.

Furthermore, the government has come forward with no authority which states that notice can substitute for formal service when formal service is required by law. The government relies on *United States v. White,* 748 F.2d 257 (5th Cir. 1984), for the proposition that actual and adequate notice will suffice in the absence of formal process. *White* is inapplicable to the instant case in that it involved sentencing enhancement under 18 U.S.C. sec. 3575 (repealed 1984). Section 3575 does not contain the mandatory language regarding service found in section 851.

There are compelling reasons to give strict meaning to this formal requirement. The service requirement of section 851 is hardly a difficult one. It can be accomplished simply by handing the enhancement information to the defense attorney in court prior to trial. The requirement of formal service eliminates the need for an evidentiary hearing to establish the actual knowledge of defendant and his attorney regarding the prosecutor's intention to file an enhancement information.

An enhancement information is, in some respects, similar to a criminal information charging a criminal offense because it has the effect of substantially increasing the penalty defendant faces. *See, e.g., Olson,* 716 F.2d at 851 ("[enhancement information] is a formal charge of a criminal offense"). Because of the formal nature of the information, it appears that formal service of it should be required.

Section 851(c) provides that a defendant facing an enhanced sentence on the basis of an enhancement information may contest the constitutional validity of the prior conviction prior to sentencing. Section 851(c)(2) provides that a failure to challenge a prior conviction before sentencing enhancement is imposed constitutes a waiver of any subsequent challenge unless good cause can be shown for failure to make a timely challenge. Because a defendant may be precluded from challenging the validity of a conviction at a later date, formal service should be required to ensure that a defendant has adequate notice of the penalties he faces and adequate time to contest the validity of the prior conviction.

For the reasons stated above, this Court holds that it has no jurisdiction to enhance a sentence on the basis of an enhancement information which was filed prior to trial but not served on defendant or his counsel.

IT IS SO ORDERED.