UNITED STATES of America, Plaintiff,

v.

Julio VELASCO, Defendant.

No. 89 CR 71–3.

United States District Court,
N.D. Illinois, E.D.

March 3, 1994.

Leigh David Roadman, Martin, Brown & Sullivan, Chicago, IL, for plaintiff.

Jonathan Bunge, Asst. U.S. Atty., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

This matter is before the court on Julio Velasco's ("Velasco's") Objections to the Sup-

plemental Presentence Investigation Report ("Supplemental PSI"). Velasco objects on three grounds: 1) the Supplemental PSI improperly relies on a prior New York state conviction; 2) the court lacks jurisdiction to impose the mandatory minimum under 21 U.S.C. § 841; and 3) the Supplemental PSI erroneously assigns two criminal history points to Velasco for the New York offense. For the reasons stated below, Velasco's objections are denied in part and granted in part.

### Background

On November 3, 1989, Velasco was convicted of one count of conspiring to possess with the intent to distribute 992.1 grams of a mixture containing cocaine in violation of 21 U.S.C. § 846 and one count of distributing 992.1 grams of a mixture containing cocaine within one thousand feet of an elementary school in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 845a. Three months later, the court sentenced Velasco to a term of 292 months imprisonment to be followed by an eight year term of supervised release. Velasco was sentenced as a career offender under the United States Sentencing Guidelines based on his 1979 New York state felony conviction for criminal sale of a controlled substance and a prior Illinois state felony conviction for possession of cocaine.

Velasco appealed, and the Seventh Circuit reversed this court's sentencing order, holding that the court had improperly relied on Velasco's Illinois conviction in sentencing him as a career offender under § 4B1.1 of the United States Sentencing Guidelines.[1] *United ed States v. Velasco*, 953 F.2d 1467, 1476 (7th Cir.1992). The Court of Appeals declined to address Velasco's subsequent argument that

this court had also improperly relied on his New York conviction which he claims is constitutionally invalid. In remanding the case for resentencing, the court stated: "Because we remand for resentencing, the district court can resolve the ineffective assistance issue in that proceeding." *Id.*

At this court's request, a Supplemental PSI was issued on January 26, 1993. Velasco subsequently requested (and the court granted) a stay of his sentencing pending an investigation into the circumstances surrounding a prior state court conviction upon which the government intended to rely to enhance his sentence.[2] Following the investigation, in July 1993, Velasco submitted his initial objections to the Supplemental PSI. Velasco objected primarily on the grounds that his prior New York state conviction was constitutionally invalid for ineffective assistance of counsel and that the government had failed to comply with the dictates of 21 U.S.C. § 851(a)(1). Plaintiff requested a hearing on the constitutionality of his prior state court conviction. In its response, the government requested a hearing on its compliance with the notice requirements of § 851(a)(1). The hearing was held on December 16, 1993, and the matter was fully briefed on February 2, 1994.

### 1. Velasco's Prior New York State Conviction

In the Supplemental Presentence Investigation Report prepared in this case, the Probation Officer noted that under § 841(b)(1)(B), Velasco must be sentenced to a minimum of ten years as a result of his prior 1979 New York state conviction for sale of a controlled substance.[3] (*See* Supp. PSI at

**1.** As a mere possession conviction, Velasco's Illinois conviction did not qualify as a conviction of a "controlled substance offense" under U.S.S.G. § 4B1.1. § 4B1.2 defines "controlled substance offense" as "an offense under a federal or state law prohibiting ... the possession of a controlled substance (or a counterfeit substance) *with intent to manufacture, import, export, distribute, or dispense.*" (emphasis added).

**2.** At the time, neither the government nor the defendant had notified the court that defendant was barred from challenging the constitutionality

of his prior conviction for enhancement purposes under 21 U.S.C. § 851.

**3.** 21 U.S.C. § 841(b)(1)(B) provides in pertinent part: "If any person commits such a violation after one or more prior convictions for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter of other law of a State, the United States, or a foreign county, relating to narcotic drugs, marijuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of

6) ("[d]ue to the amount of drugs that the defendant was responsible for in the conspiracy, and the fact that he has a prior drug conviction, there is a statutory mandatory minimum sentence of not less than ten years imprisonment for each count").

### A. *21 U.S.C. § 851(e)*

Defendant challenges the proposed enhancement of his sentence under § 841(b) on the grounds that his 1979 New York state conviction for sale of a controlled substance is constitutionally invalid. (Objections at 3). According to Velasco, his counsel at the time was ineffective, and improperly advised him to plead guilty without first advising him of his rights or adequately explaining the charges against him. (June 20, 1993 Velasco Declaration). As Velasco correctly notes, the court cannot generally rely on constitutionally invalid convictions in imposing an enhanced sentence under either the United States Sentencing Guidelines or federal mandatory minimum sentencing provisions. *See United States v. Brown*, 899 F.2d 677, 679 (7th Cir.1990) ("convictions which the defendant shows to be constitutionally invalid may not be counted in the criminal history score"); *see also United States v. DeForest*, 946 F.2d 523, 525 (7th Cir.1991) (conviction must be constitutionally obtained for enhancement purposes under mandatory minimum sentencing provision).

This, however, is a somewhat unusual case, in that 21 U.S.C. 851(e) expressly bars individuals convicted under § 841 from challenging the validity of prior convictions that occurred more than five years prior to the filing of the government information seeking enhancement.[4] Although neither party cited this provision in their original briefing of this sentencing matter, at the request of the court, both the government and the defendant have submitted supplemental briefs addressing the effect of this provision on defendant's objections to the Supplemental PSI.

In the court's view, (and not surprisingly, the government's as well) the effect is obvious, defendant is barred from challenging the validity of his 1979 state court conviction.

■ Defendant nevertheless posits two reasons why the court should refuse to apply § 851(e). Defendant first argues that the government has somehow waived its right to invoke the § 851(e) bar. Defendant notes that the government has long been aware of defendant's intent to challenge the constitutionality of his 1979 New York state conviction,[5] yet not until the court raised the issue *sua sponte* did the government actually cite the provision itself. According to defendant, the government's failure to raise this issue sooner despite numerous opportunities to do so, precludes it from raising the issue at this late date. (Defendant's Supplemental Brief at 6).

The court disagrees. Unlike other subsections of section 851 (e.g., §§ 851(a) (requiring government to file information), 851(b) (requiring court to ask defendant about prior conviction(s)) which require affirmative action, § 851(e) is phrased in the negative: "No person ... may challenge...." The government could not have waived any right to invoke § 851(e) for the simple reason that there was nothing to waive. Section 851(e) is self-executing. Moreover, even if it were somehow possible for the government to waive its right to invoke the § 851(e) bar, no waiver has occurred. As the government notes, defendant's resentencing has yet to take place; the matter is still before this court.

Defendant also challenges the constitutionality of § 851(e). According to defendant, § 851(e)'s bar on his challenge to his 1979 state court conviction is unconstitutional because it denies him due process under the Fifth Amendment and effective assistance of counsel as required by the Sixth Amendment, leads to cruel and unusual punishment

---

imprisonment which may not be less than 10 years and not more than life imprisonment...."

**4.** 21 U.S.C. § 851(e) provides: "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this Section which occurred

more than five years before the date of the information alleging such prior conviction."

**5.** In February 1993, upon obtaining new counsel, Velasco requested a stay of his sentencing while he retained an investigator in an attempt to locate information about his prior conviction.

under the Eighth Amendment, and violates the equal protection clause of the Fourteenth Amendment. (Def. Supplemental Brief at 8). At the time Velasco filed his brief on this issue, the only courts to have squarely addressed the constitutionality of § 851(e), had upheld the statutory bar. *See United States v. Williams,* 954 F.2d 668 (11th Cir.1992); *Cirillo v. United States,* 666 F.Supp. 613 (S.D.N.Y.1987); *United States v. Cirillo,* 566 F.Supp. 1340 (S.D.N.Y.1983). *See also United States v. Jenkins,* 4 F.3d 1338, 1343, n. 6 (6th Cir.1993) (implying constitutionality). The Seventh Circuit had acknowledged the "interesting" constitutional questions posed by § 851(e), but declined to resolve these questions in light of the lower court's determination that the prior conviction was in fact valid. *United States v. Pallais,* 921 F.2d 684, 692 (7th Cir.1990).

Just a few days after the parties submitted their supplemental briefs, however, the Ninth Circuit issued its majority decision in *United States v. Davis,* 15 F.3d 902 (9th Cir.1994), holding § 851(e) unconstitutional. Citing its recent decision in *United States v. Vea–Gonzales,* 986 F.2d 321, 327 (9th Cir.1993), where the court had held that "the Constitution requires that defendants be given the opportunity to collaterally attack prior convictions which will be used against them at sentencing," the court held that § 851(e) violates the Equal Protection and Due Process clauses. *Davis,* 15 F.3d at 915. While the court acknowledged the numerous costs and "thorny procedural difficulties" associated with collateral attacks on older convictions, it found that these costs did not amount to a compelling state interest justifying the infringement of defendants' due process and liberty rights. *Id.* at 916. As the court explained, "[t]he social costs of warehousing court records in order to protect constitutional privileges are less troublesome than the tremendous social costs associated with warehousing individuals on the basis of constitutionally infirm convictions." *Id.* at 916.

Having carefully considered the important constitutional questions raised in the *Davis* decision, this court nonetheless concludes that § 851(e) does not run afoul of the Constitution, but rather, represents a wholly rational, and constitutionally valid effort to set reasonable procedural limits on constitutional challenges to prior convictions. As the court explained in *Cirillo,*

> Without [section 851(e)'s five year limitation period], records of prior criminal convictions, going back many years, as for example in this case, forty-two years, would have to be preserved. The likelihood is that those persons who played a role, whether on behalf of the prosecution, defense, or witnesses, no longer would be available to give direct testimony as to alleged events attendant upon the entry of the plea under attack. Section 851(e) is wholly reasonable, both to effectuate the legitimate purposes of enhanced sentencing for recidivists, and to eliminate a host of practical problems with respect to ancient records absent such a provision.

*Cirillo,* 666 F.Supp. at 616 (quoted in *Williams,* 954 F.2d at 673).

A thorough analysis of the many interesting constitutional questions raised in *Davis, Williams,* and *Cirillo* no doubt would require a discussion of *inter alia* the Supreme Court's rulings in *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), where the court first explored the constitutional limits on sentence enhancements based on constitutionally infirm convictions, and more recently, *Parke v. Raley,* —— U.S. ——, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), where the Court seems to suggest that lower courts may have read the Burgett/Tucker doctrine too broadly.[6] In this case, however, no such review is warranted because the court finds first, that plaintiff has failed to sustain his burden of

---

6. In *Parke,* the Court held that a Kentucky rule placing the burden of production on the defendant when challenging the constitutional validity of prior convictions for sentencing purposes "easily passes constitutional muster." *Parke,* —— U.S. at ——, 113 S.Ct. at 522. Although the Court explicitly sidestepped the broader question of whether a defendant may be precluded from challenging the constitutionality of a sentence-enhancing guilty plea convictions altogether, its decision suggests that the imposition of reasonable procedural restrictions on these challenges is permissible.

proving his prior conviction constitutionally infirm and second, that the government has failed to comply with the dictates of § 851(a). The court's ruling on both of these issues effectively moots defendant's constitutional challenge.

### B. *The Constitutionality of Velasco's Prior Conviction*

■ Under well established law in this circuit, defendant has the burden of showing that his former conviction was unconstitutional. *United States v. Gallman,* 907 F.2d 639, 643 (7th Cir.1990). In support of his claim that his New York state conviction was unconstitutional, Velasco submits a detailed Declaration in which he recounts the circumstances surrounding his arrest, his allegedly ineffective representation, and his entry of a plea of guilty. At a December 16, 1993 hearing held on this issue, Velasco's Declaration was admitted into evidence as Defendant's Exhibit 1. In the Declaration, Velasco asserts that his court-appointed lawyer failed to appear in court for numerous pre-trial status conferences, and never wrote to him or telephoned him with information about the progress of his case. (Velasco Decl. at ¶¶ 11, 12). He also reportedly failed to follow up on Velasco's suspicions that he had been set up by an acquaintance who Velasco had been told was being sought by the police and had fled to Spain. (*Id.* at 15). Finally, Velasco alleges that his attorney advised him to accept a plea agreement without adequately explaining his options or the legal significance of his plea. According to Velasco, his attorney merely told him that if he pled guilty to *possession* of half a gram, he would receive the minimum sentence of 7 consecutive weekends in jail over a period of 60 days. Velasco asserts that his attorney did *not* tell him:

(a) what the maximum penalties were for what I pled guilty to; (b) that I had a right to a public trial before a jury of my peers; (c) what the selection process was for jurors and that I would have a say in who the jurors were; (d) what the process was that the jury would have to follow in reading a verdict in my case; (e) that I was presumed to be innocent; (f) that the state would have had to prove me guilty beyond a reasonable doubt; (g) that a trial, the state would have been required to present witnesses and evidence against me; (h) that I had the right to confront the state's witnesses and that my attorney would be able to cross-examine them; (i) that I had a right to present my own witnesses and evidence at my trial; (j) that if I wanted to call witnesses and the witnesses would not appear voluntarily, the court would issue a subpoena to require the witness' attendance; (k) that I had a privilege against self-incrimination so that I could refuse to testify; and (*l*) that if I went to trial and refused to testify, no adverse inference of guilt could be drawn by the jury.

(Velasco Decl. at ¶ 22).

At the December 16, 1993 hearing, Velasco supplemented his Declaration, testifying that even though he had pled guilty to the sale of one-half gram of cocaine, the judge had never asked him if he sold cocaine. Nor did she ask him what he had done. According to Velasco, the judge merely asked him if he was guilty, and he replied that he was. Velasco also testified that although he had been arrested on a number of occasions, prior to 1979, he had never participated in a plea agreement. Finally, Velasco also submits various statements and other evidence documenting his considerable but ultimately unsuccessful efforts to secure the records and transcripts for the New York state proceeding. As these documents make clear, all of the transcripts and other court records related to the proceeding have either been lost or destroyed as part of the court's regular recordkeeping process. (Def.Ex. A–D). A private detective hired by Velasco was unable to track down Velasco's former counsel, the judge, or the prosecuting attorney involved in Velasco's case. (Def.Ex. D).

Given the unavailability of any extrinsic evidence supporting Velasco's claim, the question becomes whether Velasco's own testimony about the ineffectiveness of his former counsel sufficient to meet his burden of proving that his 1979 New York state conviction is constitutionally invalid. After carefully considering both Velasco's Declaration and his testimony at the December 16, 1993 hear-

ing, the court finds that he has not met his burden of proof. In so finding, the court notes that it is troubled by the unavailability of any records or other evidence through which Velasco might have been able to sustain his claim. As other courts have observed, sentencing courts face special difficulties when called upon to decide the constitutional validity of convictions rendered years (at times, decades) ago in foreign jurisdictions. "[T]he absence of the sentencing state as a party, possible staleness of the claims, the inadequacy or unavailability of state court records and witnesses from 'far-flung jurisdictions,' and the danger of 'unduly protracted or delayed sentencing'" conspire effectively against the court's efforts to intelligently exercise its informed discretion. *United States v. Jones,* 977 F.2d 105, 109 (4th Cir.1992). Velasco's claim of ineffective assistance of counsel—a notoriously fact-specific inquiry, difficult to prove under any circumstances—merely compounds the problem. *Id.* at 111.

The government suggests that the issue presented here has in effect been decided by the Seventh Circuit in *United States v. Boyer,* 931 F.2d 1201 (7th Cir.1991) and *United States v. Gallman,* 907 F.2d 639 (7th Cir. 1990). In both cases, the Seventh Circuit affirmed the lower court's denial of a defendant's challenge to a prior conviction where the evidence presented consisted largely of the defendant's own self-serving testimony. As this court noted in its December 9, 1993 opinion, though clearly relevant, neither case is dispositive. In both *Gallman* and *Boyer,* the defendant merely claimed that he could not remember whether he had been advised of his rights prior to entering the plea. *Gallman,* at 643; *Boyer* 931 F.2d at 1205. Here, in contrast, defendant has submitted a detailed declaration recounting his attorney's shortcomings. Moreover, in both cases, the court expressly noted that the defendant had

not pursued all available avenues of proof, avenues that were unsuccessfully pursued in the instant case by Velasco.[7] Thus, neither *Boyer* nor *Gallman* preclude a finding in defendant's favor.

Nevertheless, the court finds that Velasco has failed to show by a preponderance of the evidence that his New York state conviction is unconstitutional. Initially, the court notes the obvious—Velasco's Declaration and his subsequent testimony at December 16, 1993 hearing were self-serving. At the time he made his initial Declaration, Velasco was well aware that a finding that his prior conviction was invalid would have a favorable impact on his final sentence. As quickly became apparent at the hearing, Velasco was eager to adopt any statement or assertion, no matter how improbable, that could objectively be seen to cast doubt on the validity of his New York state conviction. Thus, upon cross examination, Velasco volunteered that the New York judge who presided over his plea neither asked him if he had sold cocaine, nor even what he had done that warranted his incarceration—assertions that this court finds difficult to believe, especially in light of Velasco's failure to highlight them in his initial Declaration. In light of its concerns about Velasco's credibility, the court finds that Velasco's Declaration and testimony are entitled to little weight in determining whether his 1979 conviction is constitutionally invalid.

The court also notes that Velasco appears to have struck a favorable bargain with the State, further undermining his claim that his plea was entered involuntarily. At the 1979 New York state court proceeding, Velasco accepted the advice of his lawyer and pled guilty to the sale of a half gram of cocaine, in violation of New York Public Law, 220.34, Criminal Sale of a Controlled Substance, Third Degree. He received a sentence of 60

7. Specifically, the court in *Boyer* noted that the defendant did not present the court reporter's notes for the challenged proceeding even though they were admittedly available. *Boyer,* at 1205. The court also questioned Boyer's decision to not call his former counsel to testify about whether he received his warnings. *Id.* Similarly, in *Gallman,* the court noted Boyer's failure to produce all of the available transcripts or any evidence regarding his former counsel's conduct. *Gallman,* 907 F.2d at 644 n. 6. Here, Velasco has submitted evidence showing that court reporter's notes and transcripts concerning his 1979 New York state conviction are unavailable. (Def.Ex. A,B). He has also documented his unsuccessful efforts to locate his former counsel. (Def.Ex. D).

days (intermittent weekends). The Supplemental PSI, however, indicates that Velasco was arrested for the sale of "one-half ounce of cocaine and forty-six grams of cocaine to an undercover agent...." (Supp. PSI at 3). Had he gone to trial, he would have done so at the risk of receiving a much stiffer sentence.

Finally, Velasco has made no showing that he attempted to appeal or collaterally attack his conviction prior to the instant proceeding. Though hardly dispositive, other courts have cited defendants' failure to challenge prior convictions as probative evidence of their validity. *See, e.g., United States v. Wicks*, 995 F.2d 964, 979 (10th Cir.1993). If Velasco's former counsel were as ineffective as he now claims, one would have expected Velasco to have either appealed his conviction or at least sought collateral relief at a later date. In any event, Velasco has failed to meet his burden of proof. His constitutional challenge to his 1979 New York state court conviction is denied.

## II. Government's Alleged Failure to Serve Defendant with Required Information

■ Velasco also claims that even if his prior New York state conviction is not found unconstitutional, this court lacks jurisdiction to impose an enhanced sentence because the government failed to serve him or his attorney with a copy of the required information listing the prior convictions upon which the government intended to rely. Under 21 U.S.C. § 851(a)(1), a defendant's sentence cannot be increased by application of the mandatory minimum sentencing provisions: "unless before trial, or before entry of a plea of guilty, the United States Attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." As the court explained in *United States v. Belanger*, 970 F.2d 416, 418 (7th Cir.1992), "strict compliance with the mandatory language of the procedural requirements of § 851 is required, especially with respect to the timing of the government's filing with the court and serving on the defendant a notice signifying its intent to rely on a prior drug conviction."

While conceding that the government timely filed its § 851(a) information with the court before trial, Velasco asserts that neither he nor his attorney received a copy of the information, nor was otherwise notified of the government's intention to seek an enhanced sentence. (Objections at 4 n. 2). Failure to provide this notice, Velasco properly contends, "deprives the district court of jurisdiction to impose an enhanced sentence." *Belanger*, 970 F.2d at 418. *See also United States v. Olson*, 716 F.2d 850, 853 (11th Cir. 1983) ("[u]nless and until prosecutorial discretion is invoked and the government files and serves an information as required by Sec. 851, the district court has no power to act with respect to an enhanced sentence".)

In response, the government explains that despite considerable efforts to locate the case file, it has been unable to find the records it requires to definitively show that defendant's attorney received notice of the government's information. The government, nevertheless, has sought to establish its compliance with the notice requirement of § 851(a)(1), through circumstantial evidence.

As part of this effort, the government called former Assistant United States Attorney Daniel Murray, the prosecuting attorney in this case, to testify at a hearing held before this court on December 16, 1993. At the hearing, Murray testified that it was his standard practice to provide defense counsel with notice of all documents he filed with the court. He also testified that he almost certainly would have discussed the issue of enhancement with Velasco's attorney as part of the plea agreement negotiations that took place in this case. He further testified, however, that he had no independent recollection of whether he in fact did provide Velasco or his attorney with notice of the enhancement information. He was only able to testify as to his standard practice and custom.

Testimony about practice and custom is simply not enough. As noted above, because of the important due process interests at stake, courts have long required strict compliance with the filing and notice requirements of § 851(a)(1). Even allowing that proof of service can be established through circumstantial evidence, the evidence offered

here falls far short of the mark. The government's reliance on *United States v. Cevallos,* 538 F.2d 1122 (5th Cir.1976), only underscores the inadequacy of its proof. In *Cevallos,* the court held that the government had satisfied the notice requirement of § 851(a)(1) despite the absence of a *certificate* of service of the information in the record, where both defendant and his attorney indicated at the plea hearing that they were aware of the government information. *Id.,* at 1125–26, n. 5. Obviously, no such showing of actual knowledge by either Velasco or his attorney has been made here.

■ The government argues alternatively that in light of Section 851(e)'s bar on Velasco's challenge of his New York conviction, the government's failure to file the notice requirement is inconsequential. (Gov.Supp. Brief at 2). The government seeks support for this proposition in cases such as *United States v. Flores,* 5 F.3d 1070, 1082 (7th Cir. 1993) and *United States v. Fragoso,* 978 F.2d 896, 902 (5th Cir.1992), where courts have held that trial judges need not comply with the presentencing rituals of § 851(b)[8] in cases where the defendant is precluded from attacking the enhancing conviction under 851(e). *See also United States v. Weaver,* 905 F.2d 1466, 1482 (11th Cir.1990). According to the government, its failure to follow the notice requirement of § 851(a) could not have prejudiced the defendant because he would not have been in a position to challenge the use of the New York conviction.

The court disagrees. Unlike § 851(b) which is directed primarily at ensuring the validity of defendants' prior convictions, the filing and notice requirements of § 851(a) serve the additional function of allowing the defendant to "plan his trial strategy with full knowledge of the consequences of a potential guilty verdict." *United States v. Johnson,* 944 F.2d 396, 407 (8th Cir.1991). Indeed, this is precisely why the timing of the government's filing of its information (and service on defendant) under § 851(a) is so im-

portant—it provides the defendant with the information he needs to determine whether he should enter a plea or go to trial. Thus, the court rejects the government's claim that Velasco was not prejudiced by the government's apparent failure to provide him with notice of its intention to seek enhancement of his sentence.

Additionally, unlike the presentencing colloquy required in § 851(b), the requirement of pretrial filing and service by the government under § 851(a) is jurisdictional—"[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment unless...." 21 U.S.C. § 851(a). As the court explained in *Olson,* 716 F.2d at 853, absent governmental compliance with § 851(a), the district court "can no more enhance [a defendant's] sentence than it could impose imprisonment under a statute that only prescribes a fine." Thus, the court holds that the mere fact that defendant is barred from challenging his sentence under § 851(e) does not relieve the government from its duty to provide him with notice of its intended enhancement as required under § 851(a). In light of the government's apparent failure to comply with § 851(a), Velasco's sentence cannot be enhanced.

### III. United States Sentencing Guidelines § 4A1.1(b)

■ Finally, Velasco takes issue with the Probation Office's assignment of two criminal history points for his 1979 New York state conviction pursuant to USSG § 4A1.1(b). This section of the Guidelines directs the court to "[a]dd 2 points for each prior sentence of imprisonment of at least sixty days...." Noting that Velasco was sentenced to 60 days imprisonment for his New York state conviction, the Probation Office assigned Velasco two criminal history points for this offense. (Supplemental PSI at 3). Velasco asserts that the Probation Office is mistaken, and that he was actually sentenced

---

8. 21 U.S.C. § 851(b) provides: "If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he

has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."

to only 14 days. In support of his claim, Velasco has submitted a certified transcript of record, indicating that he was sentenced to "60 days (intermittent weekends) as a condition of five (5) years probation". (Objections, Exh. C. at 1). While one could certainly interpret this language to mean that he was sentenced to 60 days to be served over 30 weekends, Velasco argues that he was actually sentenced to 7 weekends over 60 days. Since Velasco served 7 weekends over 60 days, the court concludes that his interpretation of this language is the correct one, and therefore deducts one point from his criminal history score.[9]

### Conclusion

For the foregoing reasons, Velasco's objections to the Supplemental PSI are granted in part and denied in part. Defendant's adjusted offense level is 24. His criminal history category is II. Thus under the United States Sentencing Guidelines, defendant's sentencing range is 57 to 71 months.

---

9. Velasco is still entitled to one criminal history point under USSG § 4A1.1(c) ("[a]dd 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item").