**UNITED STATES of America**

**v.**

**John GALICZYNSKI**

**No. CRIM. A. 98-263-1.**

United States District Court,
E.D. Pennsylvania.

March 26, 1999.

F. Emmett Fitzpatrick, Jr., Nialena Caravasos, F. Emmett Fitzpatrick Law Offices, Philadelphia, PA, Joseph P. Zawrotny, Robert E. Madden, Philadelphia, PA, for John Galiczynski, defendant.

Joseph R. Biden, III, Philadelphia, PA, for U.S.

MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

I. INTRODUCTION

This case raises the novel issues in this circuit of whether the statutory requirement that the Government serve upon defendant or his counsel prior to trial a notice of intent to enhance a drug-related offense to trigger the twenty year mandatory minimum is jurisdictional, and whether, in this case, the Government satisfied the statutory service requirement when it served counsel for defendant with the notice of intent to enhance the sentence by facsimile ("fax") transmission.

The Court concludes that the statutory service requirement is jurisdictional, and

that, in this case, the Government failed to satisfy it because: (1) service by fax transmission is not authorized under the applicable rules of procedure; (2) even if service by fax were authorized, the Government has failed to show that, in fact, service of the notice was made in this case; (3) notice given to counsel for defendant that is not served in accordance with the statute and applicable rules does not satisfy the service requirement; and (4) general notice, absent a designation by the Government of the specific prior felony drug conviction upon which the Government is relying to trigger the enhancement, is not sufficient to satisfy the statutory service requirement.

## II. FACTS

On September 16, 1998, a jury convicted defendant John Galiczynski of conspiracy to distribute methamphetamine (Count One), possession of methamphetamine (Count Six), and possession of methamphetamine with intent to distribute, and aiding and abetting (Count Seven), in violation of 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), 846. Defendant's total offense level was calculated at 34, and his criminal history category was calculated at III.[1] Under the Sentencing Guidelines, defendant faced a term of imprisonment from 188 to 235 months. Further, Counts One and Seven of the indictment required that defendant face a statutory mandatory minimum of ten years (120 months).

On September 9, 1998, prior to trial, and pursuant to 21 U.S.C. § 851(a)(1), the Government filed a notice with the Clerk of the Court ("Clerk") designating one of defendant's prior felony drug convictions for the purpose of seeking an enhanced sentence.[2] Under the enhanced penalty provision of 21 U.S.C. § 841(b)(1)(A), rather than facing a ten year (120 months) mandatory minimum for possessing methamphetamine with intent to distribute, defendant, as a repeat felony drug offender, would be confronted with a twenty year (240 months) mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment, which may not be less than 20 years and not more than life imprisonment...."). If applicable, the twenty year mandatory minimum would supersede the lesser Guideline range of 188 to 235 months. Thus, unlike with the Guideline range, the Court would not have the power to depart downward from the twenty year mandatory minimum, absent a U.S.S.G. § 5K1.1 "substantial assistance" motion by the Government, or application of the "safety valve" provision as set forth in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), neither of which is applicable in this case.

On March 3, 1999, the Court held a sentencing hearing. Defendant objected to the imposition of the sentence enhancement and argued that the twenty year enhanced sentence should not apply in this case because the Government failed to comply with the statutory service requirement of 21 U.S.C. § 851(a)(1). Under

1. On March 3, 1999, the Court held a sentencing hearing. At that hearing, defendant raised objections to the Probation Officer's calculation of his total offense level and criminal history category. Defendant also asserted a motion for downward departure from the applicable Guideline range and statutory mandatory minimum for extraordinary family circumstances. For the reasons stated on the record, the Court overruled defendant's objections, but granted defendant's motion for downward departure from the Guideline range only, not the mandatory minimum. The Court will not reiterate the reasoning for its ruling on these issues in this memorandum. This memorandum is an edited version of the Court's reasoning stated on the record as to the balance of the issues raised by defendant.

2. On April 15, 1980, defendant was found guilty of knowing possession of a controlled substance, and manufacturing, delivery, and possession of a controlled substance with intent to manufacture and deliver. For that offense, defendant was sentenced to five (5) years probation.

§ 851(a)(1), before a sentence enhancement may be imposed upon a defendant who has a prior felony drug conviction, the Government, prior to trial, must file a notice with the Clerk and serve such notice upon defendant or counsel for defendant, indicating the prior conviction to be relied upon. *See* 21 U.S.C. § 851(a)(1). Defendant does not dispute that the Government filed the notice of intent to enhance with the Clerk on September 9, 1998. However, defendant claims that neither he nor his counsel was ever served with the notice of intent to enhance the sentence designating the specific prior offense that the Government intended to rely upon in seeking the enhanced sentence. The Government contends that the Assistant United States Attorney ("AUSA") assigned to the case served the notice of intent to enhance the sentence upon counsel for defendant via fax on September 9, 1998, and that service was evidenced by the certificate of service filed on that date.

## III. ANALYSIS

### A. *Is The Statutory Service Requirement Of 21 U.S.C. § 851(a)(1) Jurisdictional?*

#### 1. *Both the plain language of the statute and case law compel the conclusion that service is jurisdictional.*

Title 21, United States Code, Section 851(a)(1) provides:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court *(and serves a copy of such information on the person or counsel for the person)* stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1) (parentheses in original) (emphasis added). The purposes of the statutory service requirement[3] of § 851(a)(1) are that "a defendant [who] may be precluded from challenging the validity of a conviction at a later date ... has adequate notice of the penalties he faces and adequate time to contest the validity of the prior conviction," *United States v. Carvajal–Minota,* 706 F.Supp. 726, 728 (N.D.Cal.1989), and "provides the defendant with the information he needs to determine whether he should enter a plea or go to trial." *United States v. Velasco,* 847 F.Supp. 580, 587 (N.D.Ill.1994). By doing so, Congress afforded defendants "a measure of protection against section 841's harsh sentence enhancement mechanisms." *United States v. Hill,* 142 F.3d 305, 312 (6th Cir.1998), *cert. denied,* — U.S. —, 119 S.Ct. 225, 142 L.Ed.2d 185 (1998).

The Third Circuit has expressly declined to address the issue of whether the statutory service requirement, like the filing requirement, is a jurisdictional prerequisite to imposing an enhanced sentence. *See United States v. Allen,* 566 F.2d 1193, 1196 (3d Cir.1977), *cert. denied,* 435 U.S. 926, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978). However, a number of courts outside the circuit have specifically held that the statutory service requirement is jurisdictional, and other courts have recognized this principle in dicta. For example, in *United States v. Velasco,* 847 F.Supp. 580 (N.D.Ill. 1994), and *United States v. Carvajal–Minota,* 706 F.Supp. 726 (N.D.Cal.1989), the Government sought to enhance each of the defendants' sentences based on prior convictions. The notices of intent to enhance the sentences had been filed with the Clerks, but not served upon the defendants. Both courts held that the statutory service requirement was a jurisdictional prerequisite, which could not be fulfilled either by showing that defendant had actual notice of the enhancement or by circumstantial evidence of the Government's stan-

3. Although the statute says that the notice is to be filed with the court, under the rules of procedure, court filings are made with the Clerk, unless specifically permitted by the court. *See* Fed.R.Civ.P. 5(e).

dard practice with regard to service. *See Velasco,* 847 F.Supp. at 586–87; *Carvajal–Minota,* 706 F.Supp. at 727. The court in *Carvajal–Minota* explained:

> In drafting section 851, Congress explicitly called for filing and service upon the defendant. The term "service" is a term of art. A large body of jurisprudence and numerous rules have been developed to govern the service of papers in judicial proceedings. This Court cannot second-guess the legislature by assuming that the use of the term "serve" was casual. The Courts have clearly held that filing is a jurisdictional requirement. This Court sees no reason to disregard the clear language of Congress regarding service and will not assume that, while filing is a strict requirement, service is an informal and secondary requirement.

*Carvajal–Minota,* 706 F.Supp. at 727. *Accord Harris v. United States,* 149 F.3d 1304, 1306–07 (11th Cir.1998) (" 'Unless and until ... the government files and serves an information as required by § 851, the district court has no power to act with respect to an enhanced sentence.' ") (quoting *United States v. Olson,* 716 F.2d 850, 853 (11th Cir.1983)); *United States v. Kennedy,* 133 F.3d 53, 59 (D.C.Cir.1998), *cert. denied,* — U.S. —, 119 S.Ct. 255, 142 L.Ed.2d 210 (1998) ("Put succinctly, '[a] prosecutor's compliance with § 851(a)(1) is simply a necessary condition to a judge's imposing an enhanced sentence on the basis of a defendant's prior convictions.' ") (quoting *United States v. Vanness,* 85 F.3d 661, 663 n. 2 (D.C.Cir. 1996)); *United States v. Belanger,* 970 F.2d 416, 418 (7th Cir.1992) ("Strict compliance with the mandatory language of the procedural requirements of § 851 is required, especially with respect to the timing of the government's filing with the court and serving on the defendant a notice signifying its intent to rely on a prior drug conviction."); *United States v. Larsen,* Nos. 90–8027, 90–8090, 1991 WL 240140, at *2 (10th Cir. Nov.12, 1991) ("This court has insisted upon strict compliance with the mandatory language of the procedural requirements [of § 851] ... [and] that both the filing and service requirements of the statute are jurisdictional in nature."); *United States v. Locklear,* No. 90–7393, 1991 WL 89900, at *2–3 (4th Cir. May 31, 1991) ("[T]he language of [§ 851] has been strictly construed so that a failure to comply with the filing and service requirements leaves the court without authority to impose an enhanced sentence."); *United States v. Noland,* 495 F.2d 529, 533 (5th Cir.1974), *cert. denied,* 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974) (holding that the mandatory language of § 851 "restrict[s] the court's authority to impose enhanced sentences to cases where the information is filed with the court and served on the defendant before trial.").

Moreover, the intent of Congress is clearly reflected in the plain language of the statute directing that both filing and service be completed before the sentence enhancement can be imposed. On point is *United States v. Larsen,* Nos. 90–8027, 90–8090, 1991 WL 240140 (10th Cir. Nov.12, 1991), where the court of appeals, in finding that the statutory service requirement is a jurisdictional threshold, reasoned that the language of § 851(a)(1) is peremptory, and the fact that the service requirement is separated from the filing requirement by the conjunctive "and" indicates Congress' intent that both requirements be fulfilled. *See id.* at *2.

Therefore, given the persuasive authority and the plain language of the statute, the Court concludes that the statutory service requirement contained within § 851(a)(1) is a jurisdictional prerequisite to the Court's imposition of a sentence enhancement under § 841(b)(1)(A) for repeat felony drug offenders.

2. *Failure to comply with the statutory service requirement is not subject to a harmless error analysis.*

At the sentencing hearing, the Government argued that the notice of intent to

enhance defendant's sentence was served upon counsel for defendant by fax prior to trial. Tr. at 6. Alternatively, the Government argued that even if the notice was not served upon counsel for defendant, the error was harmless because defendant has not challenged the accuracy of the prior conviction, and, therefore, defendant did not suffer any prejudice by the Government's alleged failure to effectuate service upon counsel for defendant.[4] Tr. at 12, 15.

The Court disagrees. "Because service is a necessary condition of compliance with the statute 'the doctrine of harmless error does not apply with respect to failures to follow the statutory scheme of § 851.'" *United States v. Kennedy,* 133 F.3d 53, 59 (D.C.Cir.1998), *cert. denied,* — U.S. —, 119 S.Ct. 255, 142 L.Ed.2d 210 (1998) (quoting *United States v. Weaver,* 905 F.2d 1466, 1481 (11th Cir.1990), *cert. denied,* 498 U.S. 1091, 111 S.Ct. 972, 112 L.Ed.2d 1058 (1991)). Put another way, "[h]armless error cannot give the district court authority that it does not possess." *United States v. Carvajal-Minota,* 706 F.Supp. 726, 727 (N.D.Cal.1989) (quoting *United States v. Olson,* 716 F.2d 850, 853 (11th Cir.1983)); *see also United States v. Larsen,* Nos. 90-8027, 90-8090, 1991 WL 240140, at *3 (10th Cir. Nov.12, 1991) ("'[A] litigant's failure to clear a jurisdictional hurdle can never be "harmless" or waived by a court.'") (quoting *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317 n. 3, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988)).

Therefore, the Court concludes that because the statutory service requirement is a jurisdictional prerequisite, the proper inquiry is not whether defendant was prejudiced by the Government's alleged failure to satisfy the statutory service requirement of § 851(a)(1), but whether the Government, in fact, satisfied the statutory service requirement.

B. *The Government Has Failed To Show That It Satisfied The Statutory Service Requirement.*

The Government advances three ways by which the Court can conclude that the Government satisfied the statutory service requirement: (1) the Government effectuated service upon counsel for defendant by fax; (2) the certificate of service attached to the notice filed with the Clerk certifies that service was made by fax, and this certificate is presumptively valid; and (3) counsel for defendant had actual knowledge prior to trial of the Government's intent to seek a sentence enhancement, which sufficiently complies with the statutory service requirement. Tr. at 6-10, 30.

1. *Service by fax is not authorized by the rules of procedure applicable to this action.*

The Government avers that service was made upon counsel for defendant by fax. Federal Rule of Criminal Procedure 49(b) provides that "[s]ervice upon the attorney or upon a party shall be made in the manner provided in civil actions." In turn, service in civil actions is governed by Federal Rule of Civil Procedure 5(b):

> Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the attorney's or party's last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at the attorney's or party's office with a clerk or other person in charge thereof; or, if there is no one in charge,

4. Harmless error is defined as "any error, defect, irregularity or variance which does not affect substantial rights." Fed.R.Crim.P. 52(a). An error will be found harmless if there is a high probability that the error did not affect the judgment, and requires that the court "possess a 'sure conviction that the error did not prejudice' the defendant." *United States v. Zehrbach,* 47 F.3d 1252, 1265 (3d Cir.1995), *cert. denied,* 514 U.S. 1067, 115 S.Ct. 1699, 131 L.Ed.2d 562 (1995) (quoting *United States v. Jannotti,* 729 F.2d 213, 219-20 (3d Cir.1984), *cert. denied,* 469 U.S. 880, 105 S.Ct. 243, 83 L.Ed.2d 182 (1984)).

leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at the person's dwelling house or usual place of abuse with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing.

Fed.R.Civ.P. 5(b).

It is clear that Federal Rule 5(b) does not authorize service of pleadings or other legal papers by fax upon a party or an opposing attorney. Nor has the Eastern District of Pennsylvania adopted a local rule that permits such service upon a party or opposing attorney by fax. *See, e.g.,* U.S.D.C., D.Conn.R. 7(h) ("Copies of pleadings may be served on counsel through use of a facsimile machine, provided that service of a typewritten copy of the identical pleading is made simultaneously by regular mail."); U.S.D.C., E.D.Tex.R. CV-5(e)(2) ("Parties may serve copies of pleadings and other case-related documents to other parties by facsimile in lieu of service and notice by mail."); Wis.Stat. Ann. § 801.14(2) ("Service upon the attorney ... shall be made by ... transmitting a copy of the paper by facsimile machine to his or her office...."); U.S.D.C., D.Wyo.R. 5.1(i) ("Service upon an attorney or upon a party may be made by facsimile transmission in addition to but not in lieu of the procedures set forth in Fed.R.Civ.P. 5(b).").[5]

Moreover, while the 1996 amendments to the national rules authorized the enactment of local rules that permit papers to be filed, signed, and verified by electronic means, *see* Fed.R.Civ.P. 5(e) ("A court may by local rule permit papers to be filed, signed or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes."), and a local rule has been adopted in this district that permits filing documents electronically with the Clerk, *see* Clerk's Office Procedural Handbook, § XLI ("All civil and criminal documents will be accepted for electronic submission, including complaints, notice of removal and notices of appeal."), the local rule does not authorize service by fax.[6]

The result reached here, that the Federal Rules of Civil Procedure do not authorize service by fax, is consistent with the unanimous decisions rendered by courts that have considered the issue. *See Magnuson v. Video Yesteryear,* 85 F.3d 1424, 1429 (9th Cir.1996) (finding that an offer of judgment made pursuant to Fed.R.Civ.P. 68 must comply with service of process as stated in Fed.R.Civ.P. 5(b), which is not satisfied by service by fax); *Switzer v. Sullivan,* No. 95-3793, 1996 WL 52911, at *1 (N.D.Ill. Feb. 5, 1996) ("[S]ervice by fax raises difficulties of timing and verification. Accordingly, service by fax does not satisfy Rule 5(b)."); *Mushroom Associates v. Monterey Mushrooms, Inc.,* No. 91-1092, 1992 WL 442898, at *4 (N.D.Cal. Aug. 21, 1992) (concluding that until the time when "the Advisory Committee on the Federal Rules [ ] outline[s] the use of facsimile transmissions in the context of modern litigation, ... and in the absence of a stipulation by the parties, this court will not allow service by fax to satisfy Fed. R.Civ.P. 5(b)."); *Salley v. Board of Governors, Univ. of N.C.,* 136 F.R.D. 417, 420-421 (M.D.N.C.1991) ("[T]he Court determines that fax transmissions do not constitute either service by delivery or service by mail as those terms are used in Rule

5. The authority of a local court to enact such a rule in the absence of a national rule authorizing it is questionable. *See* Fed.R.Civ.P. 83 ("A local rule shall be consistent with—but not duplicative of—Acts of Congress and [the national] rules....").

6. Some movement towards permitting service by electronic means is afoot in the federal system. The Judicial Conference's Committee on Civil Rules is currently exploring the possibility of electronic service by consent of the parties. Moreover, the Judicial Conference's Committee on Bankruptcy Rules has prepared an amendment to Bankruptcy Rules 9013(c) and 9014 authorizing service of certain papers by electronic means.

5(b).”). *See also* Ariz.R.Civ.P. 5(c)(1) (“Absent a court order or agreement of the parties, delivery does not include transmission by facsimile.”); U.S.D.C., W.D.N.Y. Local R.Crim.P. 49.1 (“No papers shall be served by electronic means (e.g. FAX phone) unless the parties stipulate in advance ... to accept service by this means.”).

Since there is no authority under the applicable rules for service upon an opposing attorney by fax, it is evident that the Government did not satisfy the statutory service requirement of § 851(a)(1) by faxing a copy of the notice of intent to enhance the sentence to counsel for defendant.

2. *The lack of standard procedure utilized by the Government in this case fails to raise a presumption of regularity regarding service by fax.*

Even assuming that faxing could be construed as a “mailing,” and, as such, authorized as a method of service upon counsel for defendant under the applicable rules of procedure, the Government has not shown by a preponderance of the evidence that counsel for defendant was in fact ever served with the notice of intent to enhance defendant’s sentence. Under Federal Rule 5(b), service by mail is complete upon mailing. “Although there is a presumption that a properly addressed and stamped letter or document placed in the mail was received by the addressee, that presumption is rebuttable.” *Frederick v. T.U.C.S. Cleaning Serv., Inc.,* No. 91–3747, 1991 WL 161419, at *1 (E.D.Pa. Aug.19, 1991). The rebuttable presumption of service by mail, or in this case, by fax, can be established by pointing to circumstantial evidence, such as evidence of standard operating office procedures or business practices regularly used concerning the mailing or faxing of documents by a party. *See United States v. Kennedy,* 133 F.3d 53, 59–60 (D.C.Cir.1998), *cert. denied,* — U.S. —, 119 S.Ct. 255, 142 L.Ed.2d 210 (1998).

In *Kennedy,* while the AUSA had no independent recollection of mailing the notice of intent to enhance the defendant’s sentence to counsel for defendant, he testified as to his normal procedure for mailing documents, showed that there were no difficulties with mail pick up in his office during that period, and relied upon the averments within certificate of service. *Id.* at 60. The court of appeals found that the Government had provided “just barely sufficient” evidence to meet its burden of proof that service of the statutorily required notice under § 851(a)(1) had been made upon opposing counsel. *Id.; But see United States v. Velasco,* 847 F.Supp. 580, 586 (N.D.Ill.1994) (finding that the evidence “falls short of the mark” where the Government’s only evidence that counsel for defendant was served with the notice of intent to enhance the defendant’s sentence under § 851(a)(1) was testimony concerning the mailing practices and customs of the AUSA, but who had no independent recollection of serving the notice upon opposing counsel).

In the instant case, the AUSA maintains that he faxed the notice to counsel for defendant. However, the Government has not produced any evidence of standard faxing procedures within the United States Attorney’s Office or the AUSA’s own individual faxing practices, i.e., use of a fax cover sheet, retaining the confirmation sheet in the file, or keeping a log of all fax numbers to which faxes are sent. Tr. at 9–10. To the contrary, the AUSA candidly stated at the sentencing hearing that in his two years of practice in this court, “[i]t is not my habit to save fax transmission sheets”, and “I usually do not include a facsimile number when I serve a document by facsimile.” Tr. at 6, 10. Nor did the Government produce testimony of a person who had independent recollection of faxing the notice of intent to enhance the sentence to counsel for defendant. Absent any evidence of an established practice or procedure used by the AUSA individually or implemented within the United States

Attorney's Office regarding service of papers by fax, the Government has not raised a presumption of regularity of service by fax.

3. *The Government cannot rely upon the certificate of service as proof that service was effectuated upon counsel for defendant.*

On occasion, some courts have allowed the Government to rely upon the certificate of service itself as proof of service, even in the absence of a showing of regular business practices. *See United States v. McCoy,* No. 90–573, 1996 WL 351309, at *3 (S.D.N.Y June 26, 1996) ("Thus, under the Federal Rules, proof of service is normally readily established through an affidavit of service."). "Once a certificate of service is filed averring that a pleading has been served upon opposing counsel by placing the same in the U.S. mail, a presumption of regularity arises that the addressee received the pleading." *Fiore v. Giant Food Stores,* No. 98–517, 1998 WL 254975, at *2 (E.D.Pa. Apr.17, 1998).

Although Federal Rule 5(b) does not detail the minimum contents of a certificate of service, a number of district courts have promulgated local rules addressing that very issue. *See* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1150 (collecting local rules regarding proof of service, such as U.S.D.C., D.N.J. Local R. 9B: "[Proof of service] shall show the date and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar, by affidavit of the person who served the papers, or by any other proof satisfactory to the court."; U.S.D.C., D.P.R. Local R. 311.3: "The certificate of service shall indicate the date, method of service and the names and addresses of all persons or firms served."). These rules have in common the requirement that, within the four corners of the certificate itself, there must be sufficient detail concerning the method of transmission to permit a determination by the Court that the papers were in fact sent in the manner averred by the person signing the certificate.

Adopting this general principle from the local rules concerning service by mail, some states have promulgated rules specifically concerning proof of service by fax. For example, see Alaska Rule of Civil Procedure 5.1(6):

> If service is made by fax, proof of service must be made by affidavit ... or by certificate ... [which] must include: (A) the date and time of transmission; (B) the telephone number of the transmitting facsimile machine; (C) the recipient's name and facsimile machine telephone number; (D) the number of pages transmitted; (E) and a statement that the document was transmitted by facsimile and the person signing the affidavit or certificate believes the transmission to have been complete and without error.

Alaska R.Civ.P. 5.1(6). *See also* California Rules of Court, Rule 2008(e):

> Proof of service by fax may be made ..., [and shall include] (1) the time, date, and sending facsimile machine telephone number ...; (2) the name and facsimile machine telephone number of the person served ...; (3) a statement that the document was transmitted by facsimile transmission and that the transmission was reported as complete and without error ...; (4) a copy of the transmission report shall be attached to the proof of service and the proof of service shall declare that the transmission report was properly issued by the transmitting facsimile machine; and (5) service of papers by fax is ineffective if the transmission does not fully conform to these provisions.

Cal. Rules of Court, R.2008(e); Fla. R.Civ.P. 1.080(b) (permitting service upon a party or attorney by fax with a cover sheet containing the sender's name, firm, address, telephone number, fax number, and number of pages transmitted); U.S.D.C., D.N.M. R.Civ.P. 1–005.1(H)

("Proof of facsimile service must include: (1) a statement that the pleading or paper was transmitted by facsimile and that the transmission was reported as complete and without error; (2) the time, date and sending and receiving facsimile machine telephone numbers; and (3) the name of the person who made the facsimile transmission."); Wyo.S.Ct.R. 8(e) ("Proof of service for documents served by facsimile transmission shall state the date and time of service and the facsimile telephone number or identification symbol of the receiving attorney.").

In this case, the certificate of service reads as follows:

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Information Charging Prior Offenses has been served, this date, by facsimile upon the following individual:

Emmett Fitzpatrick, Esquire
Public Ledger Building
Chestnut Street
Philadelphia, Pennsylvania

[handwritten signature]
Assistant United States Attorney

DATED: [handwritten date]

*See* Information Charging Prior Offense (docket no. 54). Even if the Court were to permit the Government to rely upon the certificate of service as proof of service upon counsel for defendant, it would not alleviate the Government's impediments because the certificate of service proffered in this case provides insufficient detail to permit the Court to conclude that service upon counsel for defendant was, in fact, made by fax. Using as a general guide to determine the adequacy of the information contained in the certificate of service the requirements evidenced in the rules established by local courts regarding proof of service of faxed documents, the Court notes that the certificate in this case is devoid of the fax number from which the papers were sent, the number of pages transmitted, the fax number to which the papers were sent, and the time the transmission was sent, as well as contains an incomplete mailing address.

Therefore, the Court cannot conclude that the Government, in its reliance upon the certificate of service, has shown by a preponderance of the evidence that the notice of intent to enhance the sentence was actually sent, by fax or otherwise, to counsel for defendant.

4. *General notice to counsel for defendant of the Government's intent to seek a sentence enhancement is not sufficient to fulfill the statutory service requirement of § 851(a)(1).*

Finally, the Government argues that even if service was not technically correct, counsel for defendant had notice prior to trial that the Government intended to rely upon one of defendant's prior convictions in order to obtain a sentence enhancement. Tr. at 6–7. Counsel for defendant does not dispute that he had general notice of the Government's intent to seek a sentence enhancement, albeit through means other than the notice required under § 851(a)(1). Tr. at 16; Def.'s Mem. at 3. However, counsel for defendant maintains he was never served with a copy of the notice indicating the specific prior convictions to be relied upon by the Government for the enhancement, as required by § 851(a)(1).

The Government's argument that actual notice by counsel for defendant satisfies the requirements of § 851(a)(1) is incorrect. "Section 851(a) is a firm and strict rule for which actual notice cannot be substituted for compliance with the rule...." *United States v. Kennedy,* 133 F.3d 53, 58–59 (D.C.Cir.1998), *cert. denied,* — U.S. —, 119 S.Ct. 255, 142 L.Ed.2d 210 (1998); *see also United States v. McCoy,* No. 90–573, 1996 WL 351309, at *3 (S.D.N.Y. June 26, 1996) (concluding that actual knowledge by counsel for defendant of the notice of intent to enhance defen-

dant's sentence filed by the AUSA which was received through means other than through service of the notice "cannot substitute for full statutory compliance with the service requirement of Section 851(a)(1)").

Finally, even if, in some cases, actual notice could be construed to comply with § 851(a)(1), such an argument would fail in this instance because the record reveals that counsel for defendant only had general knowledge that the Government intended to seek a sentence enhancement for one of defendant's prior felony drug convictions, but was not advised which of the prior convictions the Government would rely upon for the enhancement. Tr. at 6–7, 13. Thus, absent knowledge of the specific prior conviction to be relied upon by the Government in this case, the general knowledge of counsel for defendant of the Government's intent to enhance defendant's sentence is insufficient under § 851(a)(1).

IV. CONCLUSION

Based on the foregoing, the Court concludes that the statutory service requirement of § 851(a)(1) is a jurisdictional prerequisite to the Court's imposition of a sentence enhancement upon defendant pursuant to § 841(b)(1)(A). In this case, the Government failed to satisfy the statutory service requirement because: (1) service by fax transmission is not authorized under the applicable rules of procedure; (2) even if service by fax was authorized, the Government has failed to show by a preponderance of the evidence that, in fact, service of the notice was made in this case; (3) notice given to counsel for defendant that is not served in accordance with the statute and applicable rules does not satisfy the service requirement; and (4) general notice, absent a designation by the Government of the specific prior felony drug conviction upon which the Government is relying to trigger the enhancement, is not sufficient to satisfy the statutory service requirement. Given that the Government has not satisfied the statutory service requirement, the Court finds that it is without authority to impose a sentence enhancement upon defendant in this case. Therefore, defendant's objection to the imposition of a sentence enhancement pursuant to 21 U.S.C. § 841(b)(1)(A) is sustained.