In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-3423

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSUE L. FELICIANO,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 06-CR-038-C-01—**Barbara B. Crabb**, *Chief Judge.*

ARGUED APRIL 17, 2007—DECIDED AUGUST 21, 2007

Before KANNE, WOOD, and EVANS, *Circuit Judges.*

WOOD, *Circuit Judge.* Josue Feliciano's appeal focuses on the district court's reliance for purposes of a federal sentence on an earlier misdemeanor conviction he received in Florida, in a case where he proceeded without counsel. Feliciano was before the federal court on charges of distributing methamphetamine in Wisconsin, in violation of 21 U.S.C. § 841(a)(1). He pleaded guilty to those charges. At his sentencing hearing, he objected to the part of the pre-sentence report that recommended use of the Florida conviction in calculating his criminal history for purposes of the federal Sentencing Guidelines. The district court overruled that objection, finding that Feliciano had no constitutional right to counsel under the

circumstances presented there. The government concedes that this finding was erroneous, but it argues that the record supports a finding that Feliciano waived his right to counsel in the Florida proceeding and urges us to affirm his 55-month prison sentence on that basis.

## I

In January 2005, Florida police arrested Feliciano for possessing cannabis. At his initial appearance on January 14, 2005, the court told Feliciano that he was going to be released until his arraignment on January 31, 2005. Feliciano indicated then that he wanted a lawyer, but the court did not appoint one at that time. The judge told Feliciano, "So you need to—either get an attorney or talk to the judge at arraignment."

At arraignment, the judge advised Feliciano about the offense with which he was charged and that he was facing up to a year of prison, up to a year of probation, and a fine of up to $1000. The judge also told him that he had the right to be represented by a lawyer and that one would be appointed for him if he could not afford one. Feliciano confirmed that he understood that he had the right to counsel. Feliciano indicated that he wished to enter his plea without the assistance of counsel, and he said that he had read and understood everything on the written plea form and the form for waiving counsel. He also signed the written waiver form, which said "I hereby waive my right to consult an attorney or to have an attorney appointed." The judge then asked him how he wished to plead, to which he responded "Guilty."

With both the completed plea and waiver forms in hand, the judge then informed Feliciano that he had a right to a court-appointed attorney and could speak to an attorney before entering his plea or change his plea during the

proceedings. Feliciano said that he understood. The judge also assured Feliciano that he would not impose any jail sentence for a plea of guilty, and that if the judge did so, he would give Feliciano an opportunity to change his plea. After granting this assurance, the judge then asked Feliciano if he had read and understood everything contained in the plea form and waiver form, and wished to enter a plea without representation. Feliciano responded "Yes."

The judge next examined the voluntariness of Feliciano's plea in the standard manner. The judge confirmed that Feliciano was thinking clearly, was not under the influence of drugs, was not pressured or coerced to plead guilty, and was not promised anything in exchange for his plea. The judge informed him that he had the right to plead not guilty, to a jury trial, to a presumption of innocence that must be overcome by proof beyond a reasonable doubt, to confront witnesses against him, to present evidence and subpoena witnesses, and to remain silent or to testify. Feliciano affirmed that he knew he was waiving those rights by pleading guilty. The judge again asked him how he wished to plead, and he again answered, "Guilty." The judge accepted his plea. Then, without offering Feliciano a chance to withdraw his plea, the judge sentenced him to two days in jail, with two days' credit for time already served, and one year of probation. (From a "glass half full" perspective, this was consistent with the judge's promise not to give jail time, if by that he had meant *additional* jail time; from the "glass half empty" perspective, it contradicted the promise the judge had just made and gave rise to the problems Feliciano was soon to face in Wisconsin.)

One year later, in February 2006, Feliciano was indicted on the methamphetamine charges in the Western District of Wisconsin. In June 2006, he pleaded guilty to one distribution count. Feliciano's pre-sentence report suggested that he had accrued three criminal history

points: one point for the Florida conviction and two points for committing the federal offense while on probation from the Florida conviction. Feliciano argued that he should not receive any points for the Florida conviction because that proceeding violated his right to counsel. The district court rejected this objection on the ground that Feliciano did not have a right to counsel in the Florida proceedings. The court reasoned that because Feliciano had already served the two days of incarceration that the court imposed, he had effectively been sentenced only to probation.

## II

On appeal, Feliciano argues that the district court erred in assigning him three criminal history points for his Florida conviction because he was denied his Sixth Amendment right to counsel in that case. To succeed, Feliciano must show that: (1) his sentencing proceeding in federal court was a proper forum in which to mount a collateral attack on his Florida conviction; (2) he had a right to counsel at the Florida proceedings; and (3) he did not waive his right to counsel.

The Supreme Court has held that because a conviction obtained in violation of the Sixth Amendment is "void," it would undermine the fundamental principles of *Gideon v. Wainwright*, 372 U.S. 335 (1963), to enhance a sentence with an invalid conviction and thereby further restrict the defendant's liberty. *Custis v. United States*, 511 U.S. 485, 494-95 (1994); see *Johnson v. United States*, 544 U.S. 295, 303 (2005). For purposes of the Sentencing Guidelines, if the defendant proves that a Sixth Amendment violation occurred, the prior conviction cannot be counted in his criminal history score. See 21 U.S.C. § 851(c)(2). He is thus entitled to raise his argument about the Florida proceeding now, for that limited purpose.

The next question is whether Feliciano had a right to counsel in the Florida proceedings. The district court thought not and based its ruling on this ground. Feliciano argues that he did have a right to counsel because he was sentenced to imprisonment as punishment for his crime, even though that punishment was satisfied by time already served. The government concedes that Feliciano had this right, and our independent examination of the issue shows that it is correct to do so.

The Supreme Court has held that, absent a knowing and intelligent waiver, no person may be imprisoned for any length of time, regardless of the classification of the person's offense, unless that person was represented by counsel. *Glover v. United States*, 531 U.S. 198, 203 (2001); *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979); *Argersinger v. Hamlin*, 407 U.S. 25, 31, 37 (1972). By contrast, when a defendant is convicted without the assistance of counsel but is not sentenced to a period of incarceration, there is no Sixth Amendment violation and thus that conviction may be considered in subsequent sentencing proceedings. *Nichols v. United States*, 511 U.S. 738, 748-49 (1994). Accordingly, Feliciano had a right to counsel in the Florida case if the right to counsel applies to a sentence of imprisonment that is satisfied by time already served before conviction. Feliciano argues that *Scott* and *Argersinger* imply that counsel must be appointed whenever a sentence of imprisonment is imposed—without any qualification as to how or when that sentence is fulfilled.

This court's decision in *United States v. Staples*, 202 F.3d 992, 997 (7th Cir. 2000), supports his argument, though the case is not directly on point. The defendant in *Staples* faced federal drug charges. Earlier, he had received a sentence of imprisonment for a state-court conviction, but the sentence was fully satisfied by time already served before the state-court conviction. *Id*. The applicable fed-

eral sentencing guideline considered the state conviction to be part of the defendant's criminal history only if the conviction resulted in imprisonment. *Id.* This court determined that a sentence of imprisonment fully satisfied by pre-conviction jail time qualified as a sentence that counted toward the defendant's criminal history score. *Id.* Similar reasoning leads us to conclude that Feliciano's pre-conviction jail time was a "sentence of imprisonment" that constitutes punishment for his offense. Because the Supreme Court has held that punishment by imprisonment implicates the right to counsel, see *Scott*, 440 U.S. at 373, Feliciano had that right at his Florida proceedings.

Since Feliciano did have a right to counsel, we must finally consider whether he waived that right. At one level, the answer is a straightforward "yes." He signed a form indicating that he was waiving the right, and he told the judge that he wished to enter his plea without representation. Feliciano argues, however, that these indications of waiver were not constitutionally sufficient, because neither the printed form nor the judge's oral admonitions adequately appraised him of the detriments of self-representation or the benefits of counsel.

The Supreme Court has held that waiver of the right to counsel must be knowing, voluntary, and intelligent. *Iowa v. Tovar*, 541 U.S. 77, 81, 88 (2004). The accused does not need to appreciate all the consequences flowing from his choice, but he or she must understand the nature of the right and how it would apply in general under the circumstances. *Tovar*, 541 U.S. at 92. In the context of a guilty plea, a trial court must inform a defendant "of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." *Tovar*, 541 U.S. at 81; *Speights v. Frank*, 361 F.3d 962, 964-65

(7th Cir. 2004) ("It is enough, *Tovar* held, if the accused knows of his right to counsel and the plea itself is voluntary.").

The Florida court initially postponed action on Feliciano's request for counsel, and then at the arraignment, Feliciano informed the court that he did not want a lawyer. There was a potential misunderstanding about the punishment Feliciano was facing, to the extent that the judge promised him "no" imprisonment and the judge wound up sentencing him to a two-day, time-served sentence. It is undisputed, however, that after the sentencing Feliciano was not required to return to jail. The judge never invited Feliciano to change his plea after he announced the sentence, but Feliciano did not express any dissatisfaction with the outcome of the proceeding either. Although it is usually the case that a judge's error in describing the maximum punishment will render a plea involuntary, see *Dalton v. Battaglia*, 402 F.3d 729, 733 (7th Cir. 2005), the circumstances of this case are unusual. The error or misunderstanding, whichever it was, about the way that the two-day period Feliciano had already spent in jail should be characterized was not enough, in our view, to contradict the evidence of record indicating that he was voluntarily proceeding without a lawyer and that his guilty plea was also voluntary.

Feliciano also argues that even if his constitutional right to counsel did not prevent the district court from considering his Florida conviction, the text of the Sentencing Guidelines does. He points to the background commentary of U.S.S.G. § 4A1.2, which states "Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed." He argues that this language necessarily implies its opposite: that uncounseled misdemeanors in which prison sentences *are* imposed cannot be counted in a criminal

history score. The Second Circuit came to this conclusion in *United States v. Ortega*, 94 F.3d 764, 770 (2d Cir. 1996), based upon the language of the guidelines and the likelihood of constitutional violations resulting from uncounseled misdemeanor sentences of imprisonment. We find this argument unpersuasive, however, because uncounseled cases resulting in imprisonment may also be based on a valid waiver of the right to counsel. The latter cases would not raise constitutional concerns, and the guidelines language should not be read negatively to imply that valid convictions cannot be counted. This is especially true when the very language cited by Feliciano instructs that convictions not otherwise prohibited should be counted.

Feliciano had a right to counsel in the Florida proceedings, but we conclude that he waived it. We therefore AFFIRM the judgment of the district court.

A true Copy:

  Teste:

       _____

       *Clerk of the United States Court of*
       *Appeals for the Seventh Circuit*