NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 20, 2015
Decided October 21, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1870

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:14-CR-30179-DRH-1 |
| MIGUEL RIVERA-BUGARIN, *Defendant-Appellant*. | David R. Herndon, *Judge*. |

**O R D E R**

Miguel Rivera-Bugarin, a citizen of Mexico, pleaded guilty to unlawful presence in the United States after removal, *see* 8 U.S.C. § 1326(a), and was sentenced to 84 months' imprisonment. He filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Rivera-Bugarin has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel represents that Rivera-Bugarin does not wish to have his guilty plea set aside, and thus counsel appropriately forgoes discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first discusses the application of the sentencing guidelines and considers whether Rivera-Bugarin could raise an appellate claim about the calculation of his imprisonment range. Rivera-Bugarin did not object to the district court's application of the guidelines, and thus our review would be limited to plain error. *See United States v. Garrett*, 528 F.3d 525, 527 (7th Cir. 2008); *United States v. Jaimes-Jaimes*, 406 F.3d 845, 848–49 (7th Cir. 2005). Counsel has identified three possible concerns about the guidelines but asserts that each is frivolous. We agree.

First, Rivera-Bugarin has no basis to protest the 16-level increase he received for reentering the country after incurring a 32-month sentence in California for possessing drugs for sale and then being removed to Mexico. *See* U.S.S.G. § 2L1.2(b)(1)(A)(i). Rivera-Bugarin stipulated that this 2007 offense is an aggravated felony under 8 U.S.C. § 1101(a)(43), which establishes that the crime involved "illicit trafficking in a controlled substance" as defined in the Controlled Substances Act. *See id.* § 1101(a)(43)(B). Rivera-Bugarin's stipulation not only increased the maximum statutory penalty from 2 to 20 years' imprisonment, *see id.* § 1326(b)(2), but also confirmed that the California conviction is for a drug trafficking offense as defined in § 2L1.2(b)(1)(A)(i). *See United States v. Gomez-Alvarez*, 781 F.3d 787, 792–94 (5th Cir. 2015) (concluding that state conviction for drug trafficking qualifies as drug trafficking offense under § 2L1.2(b)(1)(A)(i) only if offense involved controlled substance as defined in Controlled Substances Act); *United States v. Leal-Vega*, 680 F.3d 1160, 1167 (9th Cir. 2012) (same); *United States v. Sanchez-Garcia*, 642 F.3d 658, 661–62 (8th Cir. 2011) (same). And since the California court sentenced Rivera-Bugarin to more than 13 months, the conviction mandated the 16-level increase.

Second, Rivera-Bugarin could not successfully challenge the assessment of 2 criminal-history points for a disorderly conduct conviction in California. Rivera-Bugarin was sentenced to 120 days' imprisonment on that 2004 conviction, and counsel assumes that the conviction was too old to count because an offense that did not result in more than 13 months' imprisonment is counted only if the sentence was imposed within 10 years "of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e). The indictment alleges that Rivera-Bugarin was "found" in the Southern District of Illinois

on or about September 9, 2014, which is 10 years and 9 months after he was sentenced in California in January 2004.

However, unlawful presence in violation of § 1326(a) is a continuing offense that commences when an alien returns to the United States unlawfully and continues until he is "found." *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009); *United States v. Lopez-Flores*, 275 F.3d 661, 663 (7th Cir. 2001). Rivera-Bugarin had last been removed from the country in October 2010, and at sentencing he told the judge that "ever since 2010" he had been working "to earn some money to send back to home." That statement seems to confirm that the § 1326(a) offense underlying this appeal commenced very soon after the defendant's last removal, and thus well short of 10 years from when the California sentence was imposed.

At all events, a claim that the district court committed plain error in assessing the 2 points would be frivolous even if this § 1326(a) offense commenced outside the 10-year window. On this aspect counsel is correct, since the 2 points did not change Rivera-Bugarin's criminal-history category of VI. The defendant has 15 other points—13 are enough for Category VI—and thus a miscalculation could not have affected his guidelines imprisonment range. Rivera-Bugarin cannot establish on this record that the district court would have shortened his prison term if his criminal-history score was 15 rather than 17, which he must do to establish plain error. *See United States v. Rea*, 621 F.3d 595, 609 (7th Cir. 2010).

Third, Rivera-Bugarin could not base an appellate claim on the inclusion in the criminal-history calculation of prior sentences for which the probation officer noted that "attorney representation is unknown." A conviction obtained without counsel in violation of the Sixth Amendment may not be used to enhance the punishment for a later offense. *Custis v. United States*, 511 U.S. 485, 494–96 (1994); *United States v. Feliciano*, 498 F.3d 661, 664 (7th Cir. 2007). But the defendant bears the burden of proving that the prior conviction is invalid, and the denial of counsel must be plainly detectable from the face of the record. *See United States v. Seals*, 419 F.3d 600, 609 (7th Cir. 2005); *United States v. Hach*, 162 F.3d 937, 950 (7th Cir. 1998); *United States v. Katalinich*, 113 F.3d 1475, 1480–81 (7th Cir. 1997). Rivera-Bugarin has never suggested that he was denied counsel in any criminal case, and even now his lawyer concedes that he possesses "no information" to support such a claim.

Counsel next considers whether Rivera-Bugarin could argue that the district judge failed to address adequately his arguments in mitigation. Yet when the judge

asked counsel if any argument in mitigation had been overlooked, counsel said no. Having passed up the chance for elaboration, Rivera-Bugarin cannot argue now that the court's explanation was inadequate. *See United States v. Modjewski*, 783 F.3d 645, 654–55 (7th Cir. 2015); *United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014). And, in any event, the district court discussed and rejected Rivera-Bugarin's principal mitigating arguments, including that his recent purchase of a small banana farm in Mexico eliminated the incentive to return to the United States and that his recent arrest for possession of methamphetamine was not serious because the drug was for personal use.

Counsel also evaluates whether Rivera-Bugarin could argue that the district court relied on misinformation at sentencing when the court, echoing a statement by the prosecutor, asserted that Rivera-Bugarin had "ignored nine other judges" who sent him back to Mexico. Counsel notes that Rivera-Bugarin was removed four times but, according to the presentence report, "voluntarily returned" to Mexico five other times. Voluntary departure is possible without appearing before a judge, *see* 8 U.S.C. § 1229c(a)(1); 8 C.F.R. § 240.25, so the district court's statement might be inaccurate. A defendant does have a due process right to be sentenced based on reliable evidence, not speculation or unfounded allegations, but to successfully challenge a sentence on this ground the defendant must prove that inaccurate information tainted the choice of sentence. *See United States v. Guajardo-Martinez*, 635 F.3d 1056, 1059–61 (7th Cir. 2011); *United States v. Pulley*, 601 F.3d 660, 665 (7th Cir. 2010). As counsel suggests, even if Rivera-Bugarin did not ignore *nine* other judges, the reference to other judges reflects a general concern that Rivera-Bugarin had not been deterred from illegally returning to the United States, not a specific concern about the number of judges who told him not to return.

Finally, counsel considers arguing that Rivera-Bugarin's prison term is unreasonable. The 84-month term is within the guidelines range of 77 to 96 months and thus presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Ramirez-Fuentes*, 703 F.3d 1038, 1048–49 (7th Cir. 2013). Counsel has not identified any reason to set aside that presumption, nor can we. The district court weighed the factors in 18 U.S.C. § 3553(a) and concluded that a within-guidelines sentence was appropriate.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.